## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

RICHARD T. HOLDER, JR.,
individually and on behalf of              :
all others similarly situated,             :
                                           :
        Plaintiff,                         :     CIVIL ACTION NO. _____
                                           :
                                           :
v.                                         :     **JURY TRIAL DEMANDED**
                                           :
                                           :
STATEBRIDGE COMPANY, LLC,                  :
                                           :
        Defendant.                         :

### CLASS ACTION COMPLAINT

Plaintiff, Richard T. Holder, Jr. ("Plaintiff"), by counsel, hereby files his

Class Action Complaint ("Complaint") against Defendant Statebridge Company,

LLC, ("Statebridge" or "Defendant"), as follows:

### INTRODUCTION

1.      This is a class action for actual, statutory, and punitive damages, attorneys'

fees, and costs, brought pursuant to the Fair Debt Collection Practices Act, 15

U.S.C. §1692, et seq. ("FDCPA").  Plaintiff also asserts separate individual claims

under the FDCPA and the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

("FCRA").

2.     Plaintiff is a "consumer" and Defendant is a "debt collector" as those terms are defined, or otherwise used, in the FDCPA.

3.     Plaintiff, on behalf of himself and all others he seeks to represent, brings this action seeking redress for the wrongful practices of Defendant in connection with its collection of debts in violation of the FDCPA.

4.     Defendant recklessly violated the FDCPA by falsely advising Plaintiff, and others similarly situated, that their debts could be included on their credit reports more than seven years from the date the debts were first delinquent and in violation of the FCRA's seven-year reporting limitation, 15 U.S.C. §1681c(a)(4).

5.     The FCRA expressly prohibits the reporting of "[a]ccounts placed for collection or charged to profit and loss which antedate the report by more than seven years." ("Seven Year Rule").

6.     The FCRA further provides that the seven-year period described above "shall begin, with respect to any delinquent account that is placed for collection (internally or by referral to a third party, whichever is earlier), charged to profit and loss, or subjected to any similar action, upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action." 15 U.S.C. § 1681c(c)(1). ("Start Date").

7.    Defendant further violated the FDCPA as to Plaintiff individually by sending him a collection letter that listed the wrong address for the property that allegedly secured the underlying debt.

8.    Defendant further violated the FCRA as to Plaintiff individually by failing to conduct reasonable investigations of Plaintiff's credit reporting disputes Defendant received from Experian Information Services, Inc. ("Experian") and TransUnion, LLC ("TransUnion"), national consumer reporting agencies, in relation to Plaintiff and in violation of section 1681s-2(b) of the FCRA.

9.    As set forth the below, Plaintiff has suffered, and continues to suffer, concrete harm as a result of Defendant's violations.

## PARTIES, JURISDICTION, AND VENUE

10.    At all times material to this action, Plaintiff was an individual and a resident of Forsyth County, Georgia.

11.    At all times material to this action, Defendant was a Colorado limited liability corporation, doing business in the State of Georgia, with its principal place of business located at 6061 South Willow Drive, Suite 300, Greenwood Village, CO 80111.

12.     Defendant may be served with a copy of this Complaint and accompanying Summons through its registered agent for service, to wit: INCORP SERVICES, INC., 9040 Roswell Road, Suite 500, Atlanta, GA 30350.

13.     The jurisdiction of this Court is conferred by the FDCPA, 15 U.S.C. § 1692k(d), the FCRA, 15 U.S.C. § 1681(p), and 28 U.S.C. § 1331.

14.     Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

15.     Defendant is subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

16.     In 2003, Plaintiff was involved in a serious accident resulting in a shattered left knee at the joint. He spent six months at Grady Hospital in Atlanta and came home in a wheelchair. The severity of his injuries required further surgeries and it was over a year before he could walk again. He still suffers today from the aftermath of his serious injuries.

17.     Plaintiff is now retired and lives on his Social Security payments. Every dollar counts to Plaintiff and he budgets and spends carefully.

18.     Plaintiff's credit score and the contents of his credit reports are very important to Plaintiff. He knows that he may need additional credit at any time for

4

unforeseen needs such as medical expenses, taxes, or other expenses that are
beyond his immediate ability to pay using his limited income.

19.     For this reason, Plaintiff is exceptionally vigilant when it comes to his credit
scores and the contents of his credit reports.  His credit scores and the accuracy of
his credit reports are very important to him and any inaccuracy in either causes
Plaintiff to experience substantial emotional distress.  Given his physical injuries
and limited income, his good credit is his financial safety net and he counts on it to
be available when and if needed.

20.     According to its website, Defendant "provides custom, high touch special
servicing, and sub servicing for the mortgage industry" and, further, "[o]ur vision
is to translate management's years of experience overseeing hundreds of servicers
and roughly three trillion dollars worth of mortgages into a special servicer that
will treat borrowers with respect and its client's assets as if they were its own."

21.     In March 2005, Plaintiff obtained a $50,000.00 home equity line of credit
("Loan") through JP Morgan Chase Bank, N.A. ("JPMorgan Chase").  Plaintiff
disputes the existence, amount, and enforceability of the Loan and that Defendant
has any right to collect the Loan from Plaintiff.

22.    The Loan was secured by Plaintiff's property located at XXXX Linger Longer Road, Cumming, GA 30041-9091 ("Linger Longer")[1].

23.    The Loan was for personal, family, or household purposes.

24.    The Loan was charged off by JPMorgan Chase on or about September 2007.

25.    The date of first delinquency ("DFD") on the Loan was on or about April 2007.

26.    On or about July 13, 2009, JP Morgan Chase sent the Loan to James West, P.C. ("West"), a debt collector and law firm, to collect the debt.

27.    On or about November 2, 2009, JP Morgan Chase sent the Loan to AMO Recoveries ("AMO"), a debt collector, to collect the debt.

28.    On or about December 26, 2012, JP Morgan Chase purportedly transferred, assigned, and/or sold the Loan to Vion Holdings, LLC ("Vion").

29.    Upon information and belief, at some point after December 2012, the Loan was purportedly acquired by Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust as Trustee for PNPMS Trust II ("Wilmington").  Defendant purports to service the Loan for Wilmington.

---

[1] The street address numbers are redacted herein, but available to Defendant in its own records. Plaintiff will also provide the numbers to Defendant upon request and prior to the time Defendant's Answer is due.

30.    On or about May 31, 2021, Defendant sent or caused to be sent to Plaintiff a letter stating that it was Plaintiff's "new mortgage servicer" and advising that "Statebridge Company LLC is a debt collector and is attempting to collect a debt." A copy of the May 31 letter (with certain personal identifying information redacted) is attached hereto as Exhibit A.  Plaintiff received the letter shortly thereafter.

31.    The letter listed the "Property Address" as "XXXX COMET ST, CUMMING, GA 30041."

32.    The Loan is not now, nor has it ever been, secured by XXXX Comet Street, Cumming, GA 30041 ("Comet").

33.    Comet is Plaintiff's current residence and has no connection whatsoever with the Loan.

34.    Plaintiff never signed any documents providing a security interest in Comet in relation to the Loan.

35.    Upon information and belief, Defendant does not have any documents establishing a security interest in Comet in relation to the Loan.

36.    Because Defendant listed Comet in its collection letter, Plaintiff reasonably believed that his personal residence was at risk of loss from Defendant's conduct. This caused Plaintiff substantial emotional distress.

37.    On or about July 1, 2021, Defendant sent or caused to be sent to Plaintiff a second letter.  A copy of the second letter (with certain personal identifying information redacted) is attached hereto as Exhibit B.  Plaintiff received the letter shortly thereafter.

38.    In the "RE:" line of its second letter, Defendant again wrongfully listed Comet as the address purportedly related to the Loan.

39.    The second page of the second letter included "DISCLOSURES" from Defendant to Plaintiff ("Disclosures").

40.    Included within Defendant's Disclosures was a section stating: "CREDIT REPORTING.  We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.  As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfil the terms or your credit obligations." ("Credit Reporting Disclosure").

41.    At the time Defendant made the above-referenced Disclosures and Credit Reporting Disclosure to Plaintiff, the Loan had been charged off for over seven years.

42.    At the time Defendant made the above-referenced Disclosures and Credit Reporting Disclosure to Plaintiff, the DFD was more than seven years prior to the Disclosures and Credit Reporting Disclosure.

43.    At the time Defendant made the above-referenced Disclosures and Credit Reporting Disclosure to Plaintiff, the Loan was beyond the seven-year reporting period permitted by the FCRA.

44.    When Plaintiff received and read the Credit Reporting Disclosure, he actually understood, and a reasonable consumer would understand, Defendant to be issuing a threat to cause negative credit reporting to take place if the debt were not paid.

45.    Defendant followed through on its threat and reported the Loan to Experian and TransUnion for inclusion on Plaintiff's Experian and TransUnion credit files.

46.    Upon information and belief, the two letters sent by Defendant to Plaintiff, and attached hereto as Exhibits A and B, are standard form letters mass mailed by Defendant to many consumers in Georgia and other states.

47.    Upon information and belief, the Disclosures and Credit Reporting Disclosure included in Exhibit B is a standard disclosure mass mailed by Defendant to many consumers in Georgia and other states.

48.    On or about November 17, 2021, Plaintiff sent certified letters ("Dispute

Letters") to Experian and TransUnion disputing the factual inaccuracy and

violation of the Seven Year Rule of Defendant's reporting of the Loan on

Plaintiff's Experian and TransUnion credit reports.

49.    Upon information and belief, Experian contacted Defendant and provided

Defendant with a copy of the Dispute Letter and its enclosures.

50.    Upon information and belief, TransUnion contacted Defendant and provided

Defendant with a copy of the Dispute Letter and its enclosures.

51.    On or about December 17, 2021, Experian advised Plaintiff that Defendant

had verified Defendant's reporting of the Loan as accurate.

52.    On or about December 21, 2021, TransUnion advised Plaintiff that

Defendant had verified Defendant's reporting of the Loan as accurate.

53.    Defendant's verification of its reporting of the Loan was wrongful because

the account was beyond the FCRA's Seven Year Rule at the time Defendant

verified it to Experian and TransUnion.

54.    Defendant continues to wrongfully report the Loan to Experian and

TransUnion as of the date this lawsuit was filed.

55.    As a result of Defendant's violations set forth above, Plaintiff has suffered,

and continues to suffer, emotional distress, aggravation, loss of enjoyment of life,

fear, sleeplessness, hopelessness, despair, concern and worry about his ability to obtain credit rapidly should he need it for medical treatment or other unforeseen expenses, lowered credit scores with Experian when he has much higher credit scores with Equifax (which is not reporting the Loan), inconvenience, physical pain and discomfort triggered by the stress created by Defendant's actions, and lost time spent dealing with the issue to attempt to persuade Defendant to correct it.

56.    As a result of Defendant's violations set forth above, Plaintiff has had to retain counsel to represent him in this matter.

## PRACTICES COMPLAINED OF

57.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 56 above as though fully set forth herein.

58.    Exhibits A and B wrongfully list Comet as the property that is the subject of the Loan and/or security for the Loan.

59.    The references to Comet are false and misleading because Comet is not, and has never been, provided as security for the Loan.

60.    The Disclosure in Exhibit B wrongfully advises Plaintiff and consumers similarly situated that Defendant "may report information about your account to credit bureaus" and that "a negative credit report reflecting on your credit record

may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations."

61.    The reference to credit bureaus is false and misleading because under the FCRA, a credit bureau cannot report a debt charged off more than seven years prior.  There are, therefore, no legal circumstances under which Defendant "may report" or "may submit" an account to the credit bureaus if the subject account was charged off seven years prior and in violation of the Seven Year Rule.

62.    By sending the Credit Reporting Disclosure, Defendant violated § 1692e(5) and § 1692e(10) of the FDCPA which prohibit, in relevant part, any "false, deceptive, or misleading representation or means in connection with the collection of any debt," and "the threat to take any action that cannot legally be taken or that is not intended to be taken."

63.    Defendant further failed to conduct a reasonable investigation and/or consider all relevant information in relation to the Experian and Trans Union credit reporting disputes made by Plaintiff in violation of section 1681s-2(b) of the FCRA.

## **CLASS ALLEGATIONS**

64.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 63 above as though fully set forth herein.

65.    Plaintiff brings this action on behalf of a class.  The class consists of all natural persons with Georgia addresses who meet the following criteria:

a. Defendant sent them a letter to a Georgia address containing the Credit Reporting Disclosure;

b. On or after one year prior to the filing of this action;

c. Seeking to collect a debt charged off more than seven years prior to the date of the letter; and,

d. Which was not returned by the U.S. Postal Service.

66.    The identities of all class members are readily ascertainable from the records of Defendant.

67.    Excluded from the class are all managers and directors of Defendant and members of their immediate families, and legal counsel for either side, and all members of their immediate families.

68.    This action has been brought and may be maintained as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and satisfies the requirements of Rule 23:

a. **Numerosity**: the class is so numerous that joinder of all members is impractical. Upon information and belief, there are more than 50 members of the class.

b. **Common Questions Predominate**: There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The principal issue is whether the Credit Reporting Disclosure violates the FDCPA as set forth herein.

c. **Typicality**: The claims of Plaintiff, who is representative of the class herein, are typical of the claims of the proposed Class. There is no conflict between the individually named Plaintiff and other members of the proposed Class with respect to this action, or with respect to the claims for relief set forth herein.

d. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the members of the class. Plaintiff is committed to vigorously litigating this matter. Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this claim.

e. **Predominance and Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members would be impracticable. Class treatment will

14

permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, since individual class member's claims for damages are relatively modest, the expenses and burdens of litigating individual actions would make it difficult or impossible for individual members of the class to redress the wrongs done to them. An important public interest will be served by addressing the matter as a class action, substantial economies to the litigants and to the judicial system will be realized, and the potential for inconsistent or contradictory adjudications will be avoided.

## COUNT I – VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (Class Claims)

69.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 68 above as though fully set forth herein.

70.    Plaintiff is and was at all times relevant, a "consumer" within the meaning of 15 U.S.C. 1692a(3).

71.    Defendant is and was at all time relevant a "debt collector" within the meaning of 15 U.S.C. 1692a(6).

72.    The Loan was delinquent prior to the time it was acquired and/or serviced by Defendant.

73.    Defendant willfully violated sections 1692e(5) and e(10) of the FDCPA as set forth herein by falsely advising Plaintiff and others similarly situated that it could report their alleged debts beyond the FCRA's Seven Year Rule.

74.    Defendant is liable to Plaintiff and the other members of the class for its violations of the FDCPA as set forth herein.

## COUNT II – VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (Individual Claim)

75.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 74 above as though fully set forth herein.

76.    Defendant negligently and/or willfully violated the FDCPA as to Plaintiff by wrongly listing the Comet address as the address for the secured property.

77.    Plaintiff was damaged as a result as set forth above.

78.    Defendant is liable to Plaintiff individually for said violations.

## COUNT III – FAIR CREDIT REPORTING ACT (Individual Claims)

79.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 78 above as though fully set forth herein.

80.    Plaintiff is a "consumer" under the FCRA.

81.    Defendant is a "furnisher of information" as that term is used in the FCRA.

82.    Defendant negligently violated section 1681s-2(b) of the FCRA by (1) failing to conduct a reasonable investigation of the disputes it received from

16

Experian and TransUnion described above and (2) failing to consider all relevant information in relation to said disputes.

83.    Defendant willfully violated section 1681s-2(b) of the FCRA through its conduct described above.

84.    As a result of Defendant's violations of the FCRA, Plaintiff suffered concrete harm as set forth above.

85.    As a result of Defendant's violations of the FCRA, Plaintiff was required to retain counsel to represent his interests in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and in favor of the class and, further, that it:

a.    Determine that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, appoint Plaintiff as class representative, and appoint undersigned counsel as Class Counsel;

b.    Award statutory and actual damages pursuant to 15 U.S.C. 1692k;

c.    Award attorneys' fees, litigation expenses, and costs under the FDCPA (for the class claims) and FCRA (for the individual claims);

d.    Award punitive damages under the FCRA for Plaintiff's individual claims;

e.  Award Plaintiff's actual damages on his individual claims;

f.  Issue a declaration that Defendant has no rights in the Loan it can assert

    against Plaintiff; and,

g.  Grant Plaintiff a trial by jury.

This 11th day of January, 2022.

**LOVE CONSUMER LAW**

/s/ John A. Love
John A. Love
Ga Bar No. 459155
tlove@loveconsumerlaw.com

2500 Northwinds Parkway
Suite 330
Alpharetta, GA  30009
(tel.) 404.855.3600
(fax) 404.301.2300
Counsel for Plaintiff

**THE FINLEY FIRM, P.C.**

/s/J. Benjamin Finley
Ga Bar No. 261504
bfinley@thefinleyfirm.com
/s/N. Nickolas Jackson
Ga Bar No. 841433
njackson@thefinleyfirm.com

200 13th Street
Columbus, GA  31901

Tel: (706) 322-6226
Fax: (706) 322-6221
Counsel for Plaintiff

EXHIBIT A





STATEBRIDGE.

6061 South Willow Drive, Suite 300
Greenwood Village, CO  80111

May 31, 2021

75
RICHARD TERRY  HOLDER
████COMET ST
CUMMING, GA  30041

**Loan Number:** ████4903
**Property Address:** ████COMET ST, CUMMING, GA  30041
**Unpaid Principal Balance:** $68,271.77

Dear RICHARD TERRY  HOLDER,

We'd like to welcome you to Statebridge Company, your new mortgage servicer.  At Statebridge, we understand the importance of home ownership and we are dedicated to making sure you receive the individual attention and debt management assistance you deserve. The current creditor of your loan is Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust as Trustee for PNPMS Trust II.

We understand today's mortgage market and care about you and your home.  Below are the items included in this welcome packet as well as a brief description of each item.

**ACH Enrollment Form:** This form offers you the ability to directly debit a checking or savings account to make your monthly mortgage payment.  Once set up, your payment will be automatically drafted each month which will help you avoid the time and hassle of mailing your payment each month and avoid any late fees caused by mail delays. Please sign and return the form to Statebridge Company via mail, email or fax.

**3rd Party Authorization Form:** This form allows you to authorize Statebridge to speak to a 3rd party regarding your loan.

**Authorization for Electronic Communication Form:**  We understand that many of our customers are using the internet and e-mail to conduct their personal business.  Electronic communication reduces paper waste and telephone expenses and is oftentimes more convenient.  If you would like to communicate with Statebridge and receive information regarding your loan through e-mail, please complete the attached authorization form.

**Escrow Information Request:** This page contains important information regarding your homeowner's insurance policy and property taxes.

**Privacy Statement:** This statement describes our privacy policy in accordance with the Gramm Leach Bliley Act. Borrower Disclosures: as applicable, you will find additional important information related to the servicing of your loan.

We look forward to providing you with the service and care you expect and deserve from your mortgage servicer. If you have any questions, please do not hesitate to contact me, or visit our website at www.statebridgecompany.com.

Sincerely,
Statebridge Company, LLC
6061 South Willow Drive, Suite 300
Greenwood Village, CO 80111
866-HOME360 or (866) 466-3360

Statebridge Company, LLC is a debt collector and is attempting to collect a debt.  Any information obtained may be used for that purpose. If you are in active bankruptcy or have previously received a discharge in bankruptcy, this correspondence is not and should not be construed to be an attempt to collect a debt, but a possible enforcement of a lien against property.





☐ **Yes, I would like to enroll in the monthly Automatic Payment Program (ACH)**

| Name: | Street Address: | City, State, Zip Code: |
|---|---|---|
| **Loan Number:** | | |
| **Phone Number:** | **Email Address** | |
| **Financial Institution Name*:** | **Financial Institution Phone Number:** | |
| **Electronic ACH Routing Number:** | **Account Number:** | **Checking** ☐ **Savings** ☐ |

\* Please note that your financial institution may assess a fee for this transaction.

Please specify the payment date most convenient for you, which must be within the applicable grace period. If a payment date is not specified, or your loan is a daily simple interest loan, payments will be deducted on your current loan due date. If your loan is a Home Equity Line of Credit, ACH can only be drafted on your due date and for the exact amount billed for the current month. The amount may vary each month.

Deduct my payment on the _____ of each month. (Do NOT select a date after the grace period)

The first draft month (must be 30 days from today's date): JAN FEB MAR APR MAY JUN JUL AUG SEP OCT NOV DEC

☐ I would like additional funds deducted and applied toward reducing my outstanding principal balance.
   Please deduct an additional $ _____ per month.

I hereby authorize Statebridge company, LLC ("Statebridge") to initiate transfers from my checking or savings account at the financial institution indicated above for the purpose of making my monthly mortgage payment. I authorize the amount of each transfer to include my regularly scheduled payment including principal, interest and escrow items, reimbursement of corporate advances, optional insurance as applicable and the costs of any services I request. The authorization provided to charge the Debit Account will remain in effect unless Statebridge receives notice in writing, at least 30 days prior to your next payment due date to terminate or change the authorization. Similarly, Statebridge reserves the right to cancel your enrollment in this program at any time.

I understand that, in accordance with the terms of my mortgage note and/or adjustments in my escrow for taxes and insurance, my payment may change from time to time as set forth in my loan documents. You are hereby authorized to change the amount of the draft from my checking or savings account, provided t you notify me of the new payment amount at least 10 days prior to the draft date. I agree that the payment change notice provided to me under the Adjustable Rate Mortgage Provisions of the Truth-in-Lending Act and/or escrow analysis form shall constitute notice of payment change as required by the Electronic Funds Transfer Act and Consumer Financial Protection Bureau (CFPB) Regulation E.

You will receive a Confirmation of Enrollment letter describing when your first draft, as well as subsequent drafts for the year, will occur before any draft is initiated. Please continue to make regular monthly payments until you receive Confirmation of Enrollment, indicating that the Automatic Payment Plan is in effect.

I HEREBY AGREE TO THE TERMS AND CONDITIONS IN THIS FORM.

Mortgagor Signature _____    Date _____

Co-Mortgagor Signature _____    Date _____

**ATTACH VOIDED CHECK AND RETURN FORM TO:** Email: sbach@statebridgecompany.com
Fax: (303) 290-7516
Standard Mail: 6061 South Willow Drive, Suite 300.  Greenwood Village, CO 80111\

Statebridge Company, LLC is a debt collector and is attempting to collect a debt. Any information obtained may be used for that purpose. If you are in active bankruptcy or have previously received a discharge in bankruptcy, this correspondence is not and should not be construed to be an attempt to collect a debt, but a possible enforcement of a lien against property.





## STATEBRIDGE™

# Authorization to Release Information to a Third Party

| Borrower's Name(s): | |
|---|---|
| Borrower's Name(s): | |
| Mortgage Account Number: | |

Statebridge Company is authorized to disclose my loan and other related information to the following individuals:

| Name/Company: | Contact Number: | Email Address: |
|---|---|---|
| Name/Company: | Contact Number: | Email Address: |
| Name/Company: | Contact Number: | Email Address: |

The above individuals have my written consent to speak to you about my accounts. I hereby certify that I am the individual named above as the subject of these records. I understand that the knowing and willful request for, or acquisition of, a record pertaining to an individual under false pretenses is a criminal offense under the Privacy Act subject to a $5000 fine, I hereby authorize Statebridge Company to disclose information in my record regarding my Mortgage and Note held by Statebridge Company to the individual(s) named above. This authorization is to remain in effect until further notice or until my account is closed.

Mortgagor Signature _____     Date _____

Co-Mortgagor Signature _____     Date _____

**Please return this authorization to:**
Fax Number:
Email Address:
Statebridge Mailing Address

Statebridge Company, LLC Attn: Servicing
~~~~~~Willow Dr, Ste 300
Greenwood Village, CO 80111

Statebridge Company, LLC is a debt collector and is attempting to collect a debt. Any information obtained may be used for that purpose. If you are in active bankruptcy or have previously received a discharge in bankruptcy, this correspondence is not and should not be construed to be an attempt to collect a debt, but a possible enforcement of a lien against property.





# Authorization for Electronic Communication

I, _____ hereby authorize Statebridge Company, LLC to provide statements, letters and other loan-specific information regarding my account via electronic mail (e -mail). I have provided the e-mail address below and understand that if my e-mail address changes or for any reason, I choose to discontinue receiving information from Statebridge Company via e -mail, I will provide a written notice to Statebridge Company within 30 days.

| Please print name: | | Loan Number: |
|---|---|---|
| E-mail address: | | |
| Signature: | | Date: |

**Please return this authorization to:**
**Fax Number:**
**Email Address:**
**Statebridge Mailing Address**

Statebridge Company, LLC Attn: Servicing
~~~~~~ S Willow Dr, Ste 300
Greenwood Village, CO 80111

In lieu of printing and returning this document, you may send an e-mail to info@statebridgecompany.com with "E-mail Authorization" in the subject line. In the message, please provide your name and loan number, and specify that you are granting Statebridge authorization to communicate loan specific information via e -mail communication.

Statebridge Company, LLC is a debt collector and is attempting to collect a debt. Any information obtained may be used for that purpose. If you are in active bankruptcy or have previously received a discharge in bankruptcy, this correspondence is not and should not be construed to be an attempt to collect a debt, but a possible enforcement of a lien against property.





## Escrow Information Request

**Please Read This Important Notice Regarding Your Homeowner Insurance Coverage:**

Statebridge Company has received your loan for servicing. Evidence of homeowner's insurance is required. It is also required that you list Statebridge Company on the mortgagee/loss payee clause.

Please contact your insurance provider to have them update the mortgagee/loss payee clause as follows:

> **Statebridge Company ISAOA / ATIMA**
> **P.O. Box 7086**
> **Troy, MI. 48007-7086**

Since your loan may be escrowed (impounded) for insurance, this update is particularly important as it is essential to ensure the billing statement is sent to the correct mortgagee.

Once your insurance agency has applied the above change, they may fax a copy of the updated declaration page naming Statebridge Company to 248-878-2432.

**Please Read This Important Notice Regarding Your Real Property Taxes:**
Please contact your taxing authority and provide a current tax bill for verification of all tax information. Please send tax bill to the following address:

> **Statebridge Company ATTN: Escrow Department**
> **South Willow Drive Suite 300**
> **Greenwood Village, CO. 80111**

Since your loan may be escrowed (impounded) for real property taxes, this information is particularly important as it is essential to ensure that tax payments and tax information is correct.

Statebridge Company, LLC is a debt collector and is attempting to collect a debt. Any information obtained may be used for that purpose. If you are in active bankruptcy or have previously received a discharge in bankruptcy, this correspondence is not and should not be construed to be an attempt to collect a debt, but a possible enforcement of a lien against property.



Rev.  04/2020

| FACTS | WHAT DOES  Statebridge Company, LLC. DO WITH YOUR PERSONAL INFORMATION? |
|---|---|
| **Why?** | Financial companies choose how they share your personal information. Federal law gives consumers the right to limit some but not all sharing. Federal law also requires us to tell you how we collect, share, and protect your personal information. Please read this notice carefully to understand what we do. |
| **What?** | The types of personal information we collect and share depend on the product or service you have with us. This information can include:<br>■  Social Security number and income<br>■  Account balance(s)     and payment history<br>■  Transaction history     and credit scores<br><br>When you are *no longer* our customer, we continue to share your information as described in this notice. |
| **How?** | All financial companies need to share customers' personal information to run their everyday business. In the section below, we list the reasons financial companies can share their customers'  personal information; the reasons Statebridge Company, LLC. chooses to share; and whether you can limit this sharing. |

| Reasons we can share your personal information | Does Statebridge Company share? | Can you limit this sharing? |
|---|---|---|
| **For our everyday business purposes—** such as to process your transactions, maintain your account(s), respond to court orders and legal investigations, or report to credit bureaus | Yes | No |
| **For our marketing purposes—** to offer our products and services to you | Yes | No |
| **For joint marketing with other financial companies** | Yes | Yes |
| **For our affiliates' everyday business purposes—** information about your transactions and experiences | Yes | No |
| **For our affiliates' everyday business purposes—** information about your creditworthiness | Yes | Yes |
| **For our affiliates to market to you** | Yes | Yes |
| **For nonaffiliates to market to you** | Yes, (but only through joint marketing agreements) | Yes |

| Questions? | Call 866-466-3360     or go to https://www.statebridgecompany.com |
|---|---|





## Temporary Payment Coupon

**Amount Due**

Loan Number ████████4903

Borrower    RICHARD TERRY HOLDER

Due By

☐ Check this box if a change is completed on the reverse side

*Please write your loan number on your check or money order.*

*Please make check payable to Statebridge Company, LLC*

STATEBRIDGE

| | |
|---|---|
| Monthly Payment Amount | $ |
| Additional Principal | $ |
| Additional Escrow | $ |
| Late Fees | $ |
| Other** (Please Specify) | $ |
| Total Enclosed | $ |

STATEBRIDGE COMPANY, LLC
PO BOX 173313
DENVER, CO 80217-3313

00000000000000000000000

# Privacy Practices and Policy

**Important Notice Regarding Your Privacy Rights**
This privacy policy notice is designed to inform you of the types of information Statebridge Company, LLC. ("Company") may maintain or collect during the course of our relationship with you. It also explains the safeguards we have in place to protect that information and the circumstances under which we may share that information with other companies.

**Section 1: Information We Maintain or Collect**
We maintain and collect nonpublic personal information about you as necessary to service your loan. We also may maintain or collect information about you to enable us to provide products, services, and other opportunities that we believe may be of interest or benefit to you. The following are examples of the types of nonpublic personal information we maintain or collect:

- Information that you provided in writing or verbally in connection with your loan or applications, or other forms, such as your name, address, social security number, income, or assets and liabilities.
- Information about your transactions with us, our affiliates, or other parties, such as your payment history, account balance, and parties to transactions.
- Information we receive from consumer reporting agencies, such as your credit worthiness and credit history.

**Section 2: Information Sharing with Nonaffiliated Companies** To provide you with efficient service and inform you of opportunities that may be of interest to you, we may share all or part of the personal information that we maintain or collect, as described in Section 1, with nonaffiliated companies. UNLESS YOU TELL US NOT TO DO SO BY SIGNING THE FORM PROVIDED BELOW IN SECTION 7
If you are a California resident, there is a separate document outlining your privacy rights and choices that complies with California law. You may print, fill out, and mail to us the California-specific form. This document allows you to opt out of NPI sharing with affiliates and companies we do business with to provide financial products and services. If you are a California resident, we will never provide your nonpublic personal information to nonaffiliated companies. SB may collect personal information about you, including your online activities when you login to or visit our website. SB collects information for the purpose of providing access to our website and servicing your account. Any collected information is used for those purposes. SB does not sell your personal information. SB may share your information with affiliated or unaffiliated entities from time to time to service, maintain, and manage the account. If you have any questions related to how SB collects or uses your personal information, including requests related to the California Consumer Privacy Act (CCPA), please contact us at info@statebridgecompany.com, Statebridge Company, LLC. 6061 S. Willow Drive, Suite 300, Greenwood Village, CO 80111, or  866.466.3360 Monday - Thursday 7 a.m. - 7 p.m. MST, Friday 9 a.m. - 6 p.m. MST, and Saturday 8 a.m. -12 p.m MST.

**Vermont Residents**
If you are a Vermont resident, we will not disclose information about your creditworthiness to our affiliates and will not disclose your personal information, financial information, credit report, or health information to nonaffiliated third parties to market to you, other than as permitted by Vermont law, unless you authorize us to make those disclosures.

**Section 3: Information Sharing with Our Affiliates**
Under the federal Fair Credit Reporting Act, there is certain information about you that we may not share with our affiliates if you tell us not to by signing and returning the form provided below. This information may include, among other things, the following:

- Information we obtain from your loan application, such as your income, assets and liability information, and marital status;
- Information we obtain from a consumer report, such as your credit score or credit history;
- Information we obtain to verify representations made by you, such as other financial obligations you may have; and
- Information we obtain from a person or company regarding that person's or company's employment, credit or other relationship with you, such as your current employment relationship or what debts you owe.

The categories of affiliated companies who may receive the above information include:

- Financial service providers, such as an insurance agency; and
- Non-financial companies, such as companies that perform property evaluation services.

**IMPORTANT PRIVACY CHOICES FOR CONSUMERS IN CALIFORNIA**

**You have the right to control whether we share some of your personal information. Please read the following information carefully before you make your choices below.**

We are required by the California Financial Information Privacy Act to provide this notice to you annually. We will send you an additional notice each year that tells you about your privacy rights under federal law.

## YOUR RIGHTS

You have the following rights to restrict the sharing of personal and financial information with our affiliates (companies we own or control) and outside companies that we do business with. Nothing in this form prohibits the sharing of information necessary for us to follow the law, as permitted by law, or to give you the best service on your accounts with us. This includes sending you information about some other products or services.

## YOUR CHOICES

**Restrict Information Sharing With Other Companies We Own or Control (Affiliates):** Unless you say "No," we may share personal and financial information about you with our affiliated companies.

(___) NO, please do not share personal and financial information with your affiliated companies.

**Restrict Information Sharing With Other Companies We Do Business With to Provide Financial Products and Services:** Unless you say "No," we may share personal and financial information about you with outside companies we contract with to provide financial products and services.

(___) NO, please do not share personal and financial information with outside companies you contract with to provide financial products and services.

## TIME SENSITIVE REPLY

You may make your privacy choice(s) at any time. Your choice(s) will remain unless you state otherwise. However, if we do not hear from you we may share some of your information with affiliated companies and other companies with whom we have contract to provide products and services.

**To exercise your choices please do one of the following:**

(1) Fill out, sign and send back this form to Statebridge Company, LLC (you may want to make a copy for your records); (2) Write to us at any time at the following address: Statebridge Company, LLC. 6061 S. Willow Drive, Suite 300, Greenwood Village, CO 80111

**Please note that in order for us to process your request, the address you provide below must be a California address you've given to us in relation to your account.**

| | |
|---|---|
| NAME (Please Print): | |
| STREET ADDRESS: | |
| CITY: | STATE: California |
| ZIP: | |
| ACCOUNT or LOAN NUMBER(S): | |
| SIGNATURE: | DATE: |

EXHIBIT B

# STATEBRIDGE™

Statebridge Company, LLC
6061 S. Willow Dr. Suite 300
Greenwood Village, CO 80111

07/01/2021

1637
RICHARD TERRY HOLDER
████ COMET ST
CUMMING GA, 30041

Loan Number: ████4903
RE:         ████ COMET ST
            CUMMING, GA 30041

Dear RICHARD TERRY HOLDER,

As required by federal regulations, Statebridge Company, LLC is providing you a one-time written notice of the debt that is being serviced by Statebridge Company, LLC.

Note Date: 03/09/2005 12:00:00 AM
Previous Servicer: Real Time Resolutions
Current Creditor: Statebridge Company, LLC
Statebridge Account ID ████4903
Outstanding Debt: 68271.77

Please note that Statebridge Company, LLC has legal right to collect all outstanding debt on its behalf. Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will assume this debt is valid. As of the date of this letter, the total amount due to Statebridge Company, LLC is 68271.77.

Demand is hereby made for the payment in the amount of 68271.77. If this debt is not disputed, mail a check to Statebridge at the following address for the full amount due and owing:

Statebridge Company, LLC
Attention: Payment Processing Dept.
████ S. Willow Dr.
Suite 300
Greenwood Village, CO 80111

Should you notify us within the 30 day period disputing the validity of the debt, or any portion thereof, verification of the debt or a copy of the judgment against you as the consumer and a copy of such verification or judgment will be mailed to you by Statebridge Company, LLC. Upon your written request within the 30-day period, Statebridge Company, LLC will provide you with the name and address of the original mortgagee, if different from Statebridge Company, LLC. To dispute the debt in question, or a portion of the debt, please submit your written communication to: Statebridge Company, LLC, 6061 S. Willow Dr., Suite 300, Greenwood Village, CO 80111. For all additional questions, please contact us at 1-866-466-3360. Our office is open 7:00AM to 7:00PM M-Th; 7:00AM to 6:00PM Friday; 8:00AM to Noon Saturday MST.

Sincerely,

Statebridge Recovery
(855)-793-9441

Statebridge Company, LLC

CS007 V3.0



# DISCLOSURES

Federal law requires us to advise you that Statebridge Company, LLC (NMLS ID███████) as the servicer of your loan, is responsible for collecting your payments; however, in some circumstances we may be acting as a debt collector, in those circumstances, this communication is from a debt collector attempting to collect a debt and any information obtained may be used for that purpose.

**CREDIT REPORTING**
We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**IMPORTANT BANKRUPTCY NOTICE**
Bankruptcy (if applicable) - To the extent your original obligation was discharged or is subject to an automatic stay of bankruptcy under Title 11 of the U.S. Code, this statement is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. However, Statebridge Company, LLC retains rights under its security instrument, including the right to foreclose its lien.

**NOTICE TO CUSTOMERS**
To provide us with a Notice of Error about the servicing of your loan, or make a Request for Information about the servicing of your loan, please contact us at:

Statebridge Company, LLC
**Attn: Customer Service Department**
████ S. Willow Dr.
Suite 300
Greenwood Village, CO  80111
████████████████
www.statebridgecompany.com

Should you have any questions or concerns regarding your loan, please contact us at 1-866-466-3360. Our office is open 7:00AM to 7:00PM M-Th; 7:00AM to 6:00PM Friday; 8:00AM to Noon Saturday MST.

**MINI MIRANDA**
Statebridge Company, LLC is a debt collector and is attempting to collect a debt.  Any information obtained may be used for that purpose. If you are in active bankruptcy or have previously received a discharge in bankruptcy, this correspondence is not and should not be construed to be an attempt to collect a debt, but a possible enforcement of a lien against property.

**HUD STATEMENT**
Pursuant to Section 169 of the Housing and Community Development Act of 1987, you may have the opportunity to receive counseling from various local agencies regarding the retention of your home. You may obtain a list of the HUD-approved housing counseling agencies by calling the HUD nationwide toll-free telephone number at (800) 569-4287.

**Servicemembers Civil Relief Act (SCRA)** - If you or any other person on this mortgage is a servicemember or dependent of a servicemember, you may be entitled to certain protections under the Federal Servicemembers Civil Relief Act (50 U.S.C. Sec 501) regarding the servicemember's interest rate and the risk of foreclosure. Counseling for qualified individuals is available at agencies such as Military OneSource and Armed Forces Legal Assistance. To obtain information on counseling assistance, contact the OneSource Center, toll free, at (800)-342-9647 or visit their website: https://legalassistance.law.af.mil/



**PROPERTY INSPECTIONS**
If your loan account is in default, in accordance with the terms of your Mortgage/Deed of Trust, Statebridge Company, LLC may inspect your property to determine that it is being maintained and occupied. As needed or required, Statebridge Company, LLC may secure the property. Securing the property may result in locks being added or changed in an effort to protect the property and may also include winterizing and/or mowing the property as necessary. Any fees for such an inspection and/or property services may be charged to your account.