## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

RICHARD T. HOLDER, JR.,
individually and on behalf of
all others similarly situated,

      Plaintiff,

v.

STATEBRIDGE COMPANY, LLC,

      Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO.
1:22-cv-00115-MLB-CMS

**JURY TRIAL DEMANDED**

## FIRST AMENDED COMPLAINT- CLASS ACTION

Plaintiff, Richard T. Holder, Jr. ("Plaintiff"), by counsel, hereby files his

First Amended Complaint – Class Action ("Complaint") against Defendant

Statebridge Company, LLC, ("Statebridge" or "Defendant"), as follows:

## INTRODUCTION

1.    This is a class action for actual damages, statutory damages, attorneys' fees

and costs, brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C.

§1692, et seq. ("FDCPA").  Plaintiff also asserts individual claims under the

FDCPA and the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

2.     Plaintiff, a natural person, is a "consumer" and Defendant is a "debt collector" as those terms are defined, or otherwise used, in the FDCPA.

3.     Plaintiff, on behalf of himself and all others he seeks to represent, brings this action seeking redress for the wrongful practices of Defendant in connection with its collection of debts in violation of the FDCPA.

4.     Defendant violated the FDCPA by falsely advising Plaintiff, and others similarly situated, that their debts could be included on their credit reports more than seven years from the date the debts were first delinquent and in violation of the FCRA's seven-year reporting limitation, 15 U.S.C. §1681c(a)(4).

5.     The FCRA expressly prohibits the reporting of "[a]ccounts placed for collection or charged to profit and loss which antedate the report by more than seven years." ("Seven Year Rule").

6.     The FCRA further provides that the seven-year period described above "shall begin, with respect to any delinquent account that is placed for collection (internally or by referral to a third party, whichever is earlier), charged to profit and loss, or subjected to any similar action, upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action." 15 U.S.C. § 1681c(c)(1) ("Start Date").

7.     Defendant further violated the FDCPA as to Plaintiff individually by sending him a collection letter that listed the wrong address for the property that allegedly secured the underlying debt.

8.     Defendant further violated the FCRA as to Plaintiff individually by failing to conduct reasonable investigations of Plaintiff's credit reporting disputes Defendant received from Experian Information Services, Inc. ("Experian") and TransUnion, LLC ("TransUnion"), national consumer reporting agencies, in relation to Plaintiff and in violation of section 1681s-2(b) of the FCRA.

9.     As set forth the below, Plaintiff has suffered, and continues to suffer, concrete harm as a result of Defendant's violations.

## PARTIES, JURISDICTION, AND VENUE

10.     At all times material to this action, Plaintiff was an individual and a resident of Forsyth County, Georgia.

11.     At all times material to this action, Defendant was a Colorado limited liability corporation, doing business in the State of Georgia, with its principal place of business located at 6061 South Willow Drive, Suite 300, Greenwood Village, CO 80111.

12.    Defendant may be served with a copy of this First Amended Complaint and accompanying Summons through its registered agent for service, to wit: Incorp Services, Inc., 9040 Roswell Road, Suite 500, Atlanta, GA 30350.

13.    The jurisdiction of this Court is conferred by the FDCPA, 15 U.S.C. § 1692k(d), the FCRA, 15 U.S.C. § 1681(p), and 28 U.S.C. § 1331.

14.    Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

15.    Defendant is subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

16.    In 2003, Plaintiff was involved in a serious accident resulting in a shattered left knee at the joint. He spent six months at Grady Hospital in Atlanta and came home in a wheelchair. The severity of his injuries required further surgeries and it was over a year before he could walk again. He still suffers today from the aftermath of his serious injuries.

17.    Plaintiff is now retired and lives on his Social Security payments. Every dollar counts to Plaintiff and he budgets and spends carefully.

18.    Plaintiff's credit score and the contents of his credit reports are very important to Plaintiff. He knows that he may need additional credit at any time for

4

unforeseen needs such as medical expenses, taxes, or other expenses that are beyond his immediate ability to pay using his limited income.

19.    For this reason, Plaintiff is exceptionally vigilant when it comes to his credit scores and the contents of his credit reports.  His credit scores and the accuracy of his credit reports are very important to him and any inaccuracy in either causes Plaintiff to experience substantial emotional distress.  Given his physical injuries and limited income, his good credit is his financial safety net and he counts on it to be available when and if needed.

20.    According to its website, Defendant "provides custom, high touch special servicing, and sub servicing for the mortgage industry" and, further, "[o]ur vision is to translate management's years of experience overseeing hundreds of servicers and roughly three trillion dollars worth of mortgages into a special servicer that will treat borrowers with respect and its client's assets as if they were its own."

21.    In March 2005, Plaintiff obtained a $50,000.00 home equity line of credit ("Loan") through JP Morgan Chase Bank, N.A. ("JPMorgan Chase").  As to Defendant, Plaintiff disputes the existence, amount, and enforceability of the Loan and that Defendant has any right to collect the Loan from Plaintiff.

22.    The Loan was secured by Plaintiff's property located at XXXX Linger

Longer Road, Cumming, GA 30041-9091 ("Linger Longer")[1].

23.    The Loan was for personal, family, or household purposes.

24.    The Loan was charged off by JPMorgan Chase on or about September 2007.

25.    The date of first delinquency ("DFD") on the Loan was on or about April

2007.

26.    On or about July 13, 2009, JP Morgan Chase sent the Loan to James West,

P.C. ("West"), a debt collector and law firm, to collect the debt.

27.    On or about November 2, 2009, JP Morgan Chase sent the Loan to AMO

Recoveries ("AMO"), a debt collector, to collect the debt.

28.    On or about December 26, 2012, JP Morgan Chase purportedly transferred,

assigned, and/or sold the Loan to Vion Holdings, LLC ("Vion").

29.    Upon information and belief, at some point after December 2012, the Loan

was purportedly acquired by Wilmington Savings Fund Society, FSB, d/b/a

Christiana Trust as Trustee for PNPMS Trust II ("Wilmington").  Defendant

purports to service the Loan for Wilmington.

---

[1] The street address numbers are redacted herein, but available to Defendant in its own records.  Plaintiff will also provide the numbers to Defendant upon request and prior to the time Defendant's Answer is due.

30.     On or about May 31, 2021, Defendant sent or caused to be sent to Plaintiff a

letter ("First Letter") stating that it was Plaintiff's "new mortgage servicer" and

advising that "Statebridge Company LLC is a debt collector and is attempting to

collect a debt."  Plaintiff received the First Letter shortly thereafter.

A copy of the First Letter (with certain personal identifying information redacted)

is attached hereto as Exhibit A.

31.     The First Letter listed the "Property Address" as "XXXX COMET ST,

CUMMING, GA 30041."

32.     The Loan is not now, nor has it ever been, secured by XXXX Comet Street,

Cumming, GA 30041 ("Comet").

33.     Comet is Plaintiff's current residence and has no connection whatsoever

with the Loan.

34.     Plaintiff never signed any documents providing a security interest in Comet

in relation to the Loan.

35.     Upon information and belief, Defendant does not have any documents

establishing a security interest in Comet in relation to the Loan.

36.     Because Defendant listed Comet in its First Letter, Plaintiff reasonably

believed that his personal residence was at risk of loss from Defendant's conduct.

This caused, and continues to cause, Plaintiff substantial emotional distress.

37.    On or about June 1, 2021, Defendant sent or caused to be sent to Plaintiff a

letter ("Second Letter") stating "[i]n accordance with Section 6 of the Real Estate

Settlement Procedures Act ("RESPA") (12 U.S.C. Section 2605), we are informing

you that effective December 22, 2020, the servicing of your mortgage loan, that is

the right to collect payments from you, has been assigned and transferred to

[Defendant] [sic] Except in limited circumstances, the law requires that your new

servicer, [Defendant] must send you this notice of sale and transfer no later than 15

days after the effective date of transfer or at closing."  Plaintiff received the Second

Letter shortly thereafter.  A copy of the Second Letter (with certain personal

identifying information redacted) is attached hereto as Exhibit B.

38.  The Second Letter again wrongfully described the "PProperty [sic] Address"

as the Comet address and, as a result, caused Plaintiff further emotional distress as

described above.

39.    In the Second Letter, Defendant stated "[i]n addition, except as otherwise

provided herein, we may report information about your account to credit bureaus.

Late payments, missed payments or other defaults on your account may be

reflected in your credit report."

40.    On or about July 1, 2021, Defendant sent or caused to be sent to Plaintiff a

third letter ("Third Letter").  Plaintiff received the letter shortly thereafter.

A copy of the Third Letter (with certain personal identifying information redacted) is attached hereto as Exhibit C.

41.    The Third Letter again wrongfully described the Property Address as the Comet address and, as a result, caused Plaintiff further emotional distress as described above.

42.    The second page of the Third Letter included "DISCLOSURES" from Defendant to Plaintiff ("Disclosures").

43.    Included within Defendant's Disclosures was a section stating: "CREDIT REPORTING.  We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.  As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfil the terms or your credit obligations." ("Credit Reporting Disclosure").

44.    At the time Defendant sent the Second Letter, the Third Letter and made the above-referenced Disclosures and Credit Reporting Disclosure to Plaintiff, the Loan had been charged off for over seven years.

45.    At the time Defendant sent the Second Letter, the Third Letter and made the above-referenced Disclosures and Credit Reporting Disclosure to Plaintiff, the

DFD of the Loan was more than seven years prior to the Second Letter, the Third Letter, and the Disclosures and Credit Reporting Disclosure.

46.    At the time Defendant sent the Second Letter, the Third Letter and made the above-referenced Disclosures and Credit Reporting Disclosure to Plaintiff, the Loan was beyond the seven-year reporting period permitted by the FCRA.

47.    When Plaintiff received and read the Second Letter, the Third Letter and the Credit Reporting Disclosure, he actually understood, and a reasonable consumer would understand, Defendant to be issuing a threat to cause negative credit reporting to take place if the debt were not paid.

48.    Defendant followed through on its threat and reported the Loan to Experian and TransUnion for inclusion on Plaintiff's Experian and TransUnion credit files. Defendant still reported its account on Plaintiff's Experian and TransUnion credit files as of the date this lawsuit was filed against it.

49.    Upon information and belief, the three letters sent by Defendant to Plaintiff, and attached hereto as Exhibits A, B, and C are standard form letters mass mailed by Defendant to many consumers in Georgia and other states.

50.    Upon information and belief, the Disclosures and Credit Reporting Disclosure included in Exhibit C is a standard disclosure mass mailed by Defendant to many consumers in Georgia and other states.

51.    On or about November 17, 2021, Plaintiff sent certified letters ("Dispute Letters") to Experian and TransUnion disputing the factual inaccuracy and violation of the Seven Year Rule of Defendant's reporting of the Loan on Plaintiff's Experian and TransUnion credit reports.

52.    Upon information and belief, Experian contacted Defendant and provided Defendant with a copy of the Dispute Letter and its enclosures.

53.    Upon information and belief, TransUnion contacted Defendant and provided Defendant with a copy of the Dispute Letter and its enclosures.

54.    On or about December 17, 2021, Experian advised Plaintiff that Defendant had verified Defendant's reporting of the Loan as accurate.

55.    On or about December 21, 2021, TransUnion advised Plaintiff that Defendant had verified Defendant's reporting of the Loan as accurate.

56.    Defendant's verification of its reporting of the Loan was wrongful because the account was beyond the FCRA's Seven Year Rule at the time Defendant verified it to Experian and TransUnion.

57.    Defendant continues to wrongfully report the Loan to Experian and TransUnion.

58.    As a result of Defendant's violations set forth above, Plaintiff has suffered, and continues to suffer, emotional distress, aggravation, loss of enjoyment of life,

fear, sleeplessness, hopelessness, despair, concern and worry about his ability to obtain credit rapidly should he need it for medical treatment or other unforeseen expenses, lowered credit scores with Experian and Trans Union when he has much higher credit scores with Equifax (which is not reporting the Loan), inconvenience, physical pain and discomfort triggered by the stress created by Defendant's actions, and lost time spent dealing with the issue to attempt to persuade Defendant to correct it.

59.    As a result of Defendant's violations set forth above, Plaintiff has had to retain counsel to represent him in this matter.

## PRACTICES COMPLAINED OF

60.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 59 above as though fully set forth herein.

61.    The First Letter, Second Letter and Third Letter wrongfully list Comet as the property that is the subject of the Loan and/or security for the Loan.

62.    The references to Comet are false and misleading because Comet is not, and has never been, provided as security for the Loan.

63.    The Second Letter and the Disclosure and Credit Reporting Disclosures wrongfully advise Plaintiff and consumers similarly situated that Defendant "may report information about your account to credit bureaus" and that "a negative credit

report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations."

64.     The reference to credit bureaus in these documents is false and misleading because under the FCRA, a credit bureau cannot report a debt charged off more than seven years prior.  There are, therefore, no legal circumstances under which Defendant "may report" or "may submit" an account to the credit bureaus if the subject account was charged off seven years prior and in violation of the Seven Year Rule.

65.     By sending the Second Letter and the Credit Reporting Disclosure, Defendant violated § 1692e(5) and § 1692e(10) of the FDCPA which prohibit, in relevant part, any "false, deceptive, or misleading representation or means in connection with the collection of any debt," and "the threat to take any action that cannot legally be taken or that is not intended to be taken."

66.     By sending the Second Letter and the Credit Reporting Disclosure, Defendant violated 1692(e)(8) of the FDCPA which prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a debt is disputed."

67.    As to Plaintiff individually, Defendant further failed to conduct a reasonable investigation and/or consider all relevant information in relation to the Experian and Trans Union credit reporting disputes made by Plaintiff in violation of section 1681s-2(b) of the FCRA.

68.    As to Plaintiff individually, Defendant further violated the FDCPA by wrongfully listing the Comet address as the address securing the Loan.

## CLASS ACTION ALLEGATIONS

69.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 68 above as though fully set forth herein.

70.    Pursuant to N.D.Ga LR 23.1(A)(2)(a) and (b), Plaintiff sues under Rule 23(a), (b)(1) and (b)(3) of the Federal Rules of Civil Procedure.  Plaintiff brings this action on behalf of a class.  The class ("FDCPA-Seven Year Rule Class") consists of, and is defined as, all natural persons with Georgia addresses who meet the following criteria:

a. Defendant sent them a letter to a Georgia address substantially similar to the Second Letter and/or containing the Credit Reporting Disclosure;

b. On or after one year prior to the filing of this action;

c. Seeking to collect a debt charged off more than seven years prior to the date of the letter; and,

d. Which was not returned by the U.S. Postal Service.

71.   The identities of all class members are readily ascertainable from the records of Defendant.

72.   Excluded from the class are all managers and directors of Defendant and members of their immediate families, and legal counsel for either side, and all members of their immediate families.

73.   This action has been brought and may be maintained as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and satisfies the requirements of Rule 23:

a. **Numerosity**: the class is so numerous that joinder of all members is impractical.  Under N.D.Ga. LR 23.1(A)(2)(b), Plaintiff states the precise number of class members is unknown to Plaintiff but may be ascertained from Defendant's records.

b. **Common Questions Predominate**: Under N.D.Ga. LR 23.1(A)(2)(d), Plaintiff shows that there are questions of law and fact common to the classes, which questions predominate over any questions affecting only individual class members.  Some of the common legal and factual questions include: (a) whether Defendant engaged in the conduct alleged as to each Class and (b) whether the

Second Letter and Credit Reporting Disclosure violate the FDCPA as set forth herein as to the FDCPA-Seven Year Rule Class.

c. **Typicality**:  The claims of Plaintiff, who is representative of the Class herein, are typical of the claims of the proposed Class.  There is no conflict between the individually named Plaintiff and other members of the proposed Class with respect to this action, or with respect to the claims for relief set forth herein.

d. **Adequacy**:  Under N.D.Ga. LR 23.1 (A)(2)(c), Plaintiff shows he will fairly and adequately protect the interests of the members of the Class.  Plaintiff is familiar with the basic facts that form the bases of the claims asserted herein.  Plaintiff is committed to vigorously litigating this matter.  Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this claim.

e. **Predominance and Superiority**: Consistent with N.D.Ga. LR 23.1(A)(2)(e) and Rule 23(b)(3), a class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members would be impracticable.  Class treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and

expense that numerous individual actions would engender. Furthermore, since individual class member's claims for damages are relatively modest, the expenses and burdens of litigating individual actions would make it difficult or impossible for individual members of the class to redress the wrongs done to them. An important public interest will be served by addressing the matter as a class action, substantial economies to the litigants and to the judicial system will be realized, and the potential for inconsistent or contradictory adjudications will be avoided.

## COUNT I – VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (Class Claim)

74.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 73 above as though fully set forth herein.

75.    Plaintiff is and was at all times relevant, a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

76.    Defendant is and was at all time relevant a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

77.    The Loan was delinquent prior to the time it was acquired and/or serviced by Defendant.

78.    Defendant violated sections § 1692e(5), e(8), and e(10) of the FDCPA as set forth herein by falsely advising Plaintiff and others similarly situated that it could report their alleged debts beyond the FCRA's Seven Year Rule.

17

79. Plaintiff and the FDCPA-Seven Year Rule Class members have suffered actual damages as a result.

80. Plaintiff and the FDCPA-Seven Year Rule Class members are entitled to actual and statutory damages.

81. Defendant is liable to Plaintiff and the other members of FDCPA-Seven Year Rule Class as set forth herein.

## COUNT II – VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (Individual Claim)

82. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 81 above as though fully set forth herein.

83. Defendant violated the FDCPA as to Plaintiff by wrongly listing the Comet address as the address for the secured property.

84. Plaintiff suffered the concrete harm described above as a result.

85. Defendant is liable to Plaintiff individually for said violations.

## COUNT III – FAIR CREDIT REPORTING ACT (Individual Claims)

86. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 85 above as though fully set forth herein.

87. Plaintiff is a "consumer" under the FCRA.

88. Defendant is a "furnisher of information" as that term is used in the FCRA.

89.    Defendant negligently violated section 1681s-2(b) of the FCRA by (1) failing to conduct a reasonable investigation of the disputes it received from Experian and TransUnion described above and (2) failing to consider all relevant information in relation to said disputes.

90.    Defendant willfully violated section 1681s-2(b) of the FCRA through its conduct described above.

91.    As a result of Defendant's violations of the FCRA, Plaintiff suffered concrete harm as set forth above.

92.    Defendant is liable to Plaintiff for his actual damages and punitive damages for its conduct.

93.    As a result of Defendant's violations of the FCRA, Plaintiff was required to retain counsel to represent his interests in this matter.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and in favor of the Classes and, further, that it:

    a.    Determine that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, appoint Plaintiff as class representative, and appoint undersigned counsel as Class Counsel;

b. Award statutory and actual damages pursuant to 15 U.S.C. § 1692k for the FDCPA-Seven Year Rule Class;

c. Award attorneys' fees, litigation expenses, and costs under the FDCPA (for the class claims) and FCRA (for the individual claims);

d. Award punitive damages under the FCRA for Plaintiff's individual claims;

e. Award Plaintiff's actual damages on his individual claims; and,

f. Grant Plaintiff a trial by jury.

This 27th day of January, 2022.

**LOVE CONSUMER LAW**
/s/ John A. Love
John A. Love
Ga Bar No. 459155
tlove@loveconsumerlaw.com

2500 Northwinds Parkway
Suite 330
Alpharetta, GA  30009
(tel.) 404.855.3600
(fax) 404.301.2300
Counsel for Plaintiff

**THE FINLEY FIRM, P.C.**

/s/J. Benjamin Finley
Ga Bar No. 261504
bfinley@thefinleyfirm.com
/s/N. Nickolas Jackson
Ga Bar No. 841433

njackson@thefinleyfirm.com

200 13th Street
Columbus, GA  31901
Tel: (706) 322-6226
Fax: (706) 322-6221
Counsel for Plaintiff

EXHIBIT A




STATEBRIDGE.

6061 South Willow Drive, Suite 300
Greenwood Village, CO 80111

May 31, 2021

75
RICHARD TERRY HOLDER
████COMET ST
CUMMING, GA 30041

**Loan Number:** ████████
**Property Address:** ████COMET ST, CUMMING, GA 30041
**Unpaid Principal Balance:** $68,271.77 ·

Dear RICHARD TERRY HOLDER,

We'd like to welcome you to Statebridge Company, your new mortgage servicer. At Statebridge, we understand the importance of home ownership and we are dedicated to making sure you receive the individual attention and debt management assistance you deserve. The current creditor of your loan is Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust as Trustee for PNPMS Trust II.

We understand today's mortgage market and care about you and your home. Below are the items included in this welcome packet as well as a brief description of each item.

**ACH Enrollment Form:** This form offers you the ability to directly debit a checking or savings account to make your monthly mortgage payment. Once set up, your payment will be automatically drafted each month which will help you avoid the time and hassle of mailing your payment each month and avoid any late fees caused by mail delays. Please sign and return the form to Statebridge Company via mail, email or fax.

**3rd Party Authorization Form:** This form allows you to authorize Statebridge to speak to a 3rd party regarding your loan.

**Authorization for Electronic Communication Form:** We understand that many of our customers are using the internet and e-mail to conduct their personal business. Electronic communication reduces paper waste and telephone expenses and is oftentimes more convenient. If you would like to communicate with Statebridge and receive information regarding your loan through e-mail, please complete the attached authorization form.

**Escrow Information Request:** This page contains important information regarding your homeowner's insurance policy and property taxes.

**Privacy Statement:** This statement describes our privacy policy in accordance with the Gramm Leach Bliley Act. Borrower Disclosures: as applicable, you will find additional important information related to the servicing of your loan.

We look forward to providing you with the service and care you expect and deserve from your mortgage servicer. If you have any questions, please do not hesitate to contact me, or visit our website at www.statebridgecompany.com.

Sincerely,
Statebridge Company, LLC
6061 South Willow Drive, Suite 300
Greenwood Village, CO 80111
866-HOME360 or (866) 466-3360

Statebridge Company, LLC is a debt collector and is attempting to collect a debt. Any information obtained may be used for that purpose. If you are in active bankruptcy or have previously received a discharge in bankruptcy, this correspondence is not and should not be construed to be an attempt to collect a debt, but a possible enforcement of a lien against property





# STATEBRIDGE™

☐ Yes, I would like to enroll in the monthly Automatic Payment Program (ACH)

| Name: | Street Address: | City, State, Zip Code: |
|---|---|---|
| **Loan Number:** | | |
| **Phone Number:** | **Email Address** | |
| **Financial Institution Name*:** | **Financial Institution Phone Number:** | |
| **Electronic ACH Routing Number:** | **Account Number:** | **Checking** ☐  **Savings** ☐ |

\* Please note that your financial institution may assess a fee for this transaction.

Please specify the payment date most convenient for you, which must be within the applicable grace period. If a payment date is not specified, or your loan is a daily simple interest loan, payments will be deducted on your current loan due date. If your loan is a Home Equity Line of Credit, ACH can only be drafted on your due date and for the exact amount billed for the current month. The amount may vary each month.

Deduct my payment on the _____ of each month. (Do NOT select a date after the grace period)

The first draft month (must be 30 days from today's date): JAN FEB MAR APR MAY JUN JUL AUG SEP OCT NOV DEC

☐ I would like additional funds deducted and applied toward reducing my outstanding principal balance. Please deduct an additional $ _____ per month.

I hereby authorize Statebridge company, LLC ("Statebridge") to initiate transfers from my checking or savings account at the financial institution indicated above for the purpose of making my monthly mortgage payment. I authorize the amount of each transfer to include my regularly scheduled payment including principal, interest and escrow items, reimbursement of corporate advances, optional insurance as applicable and the costs of any services I request. The authorization provided to charge the Debit Account will remain in effect unless Statebridge receives notice in writing, at least 30 days prior to your next payment due date to terminate or change the authorization. Similarly, Statebridge reserves the right to cancel your enrollment in this program at any time.

I understand that, in accordance with the terms of my mortgage note and/or adjustments in my escrow for taxes and insurance, my payment may change from time to time as set forth in my loan documents. You are hereby authorized to change the amount of the draft from my checking or savings account, provided t you notify me of the new payment amount at least 10 days prior to the draft date. I agree that the payment change notice provided to me under the Adjustable Rate Mortgage Provisions of the Truth-in-Lending Act and/or escrow analysis form shall constitute notice of payment change as required by the Electronic Funds Transfer Act and Consumer Financial Protection Bureau (CFPB) Regulation E.

You will receive a Confirmation of Enrollment letter describing when your first draft, as well as subsequent drafts for the year, will occur before any draft is initiated. Please continue to make regular monthly payments until you receive Confirmation of Enrollment, indicating that the Automatic Payment Plan is in effect.

I HEREBY AGREE TO THE TERMS AND CONDITIONS IN THIS FORM.

Mortgagor Signature _____     Date _____

Co-Mortgagor Signature _____     Date _____

**ATTACH VOIDED CHECK AND RETURN FORM TO:** Email: sbach@statebridgecompany.com
Fax: ⬛⬛⬛-7516
Standard Mail: ⬛⬛ South Willow Drive, Suite ⬛ Greenwood Village, CO 80111\

Statebridge Company, LLC is a debt collector and is attempting to collect a debt. Any information obtained may be used for that purpose. If you are in active bankruptcy or have previously received a discharge in bankruptcy, this correspondence is not and should not be construed to be an attempt to collect a debt, but a possible enforcement of a lien against property.



# STATEBRIDGE™

## Authorization to Release Information to a Third Party

| Borrower's Name(s): | |
|---|---|
| Borrower's Name(s): | |
| Mortgage Account Number: | |

Statebridge Company is authorized to disclose my loan and other related information to the following individuals:

| Name/Company: | Contact Number: | Email Address: |
|---|---|---|
| Name/Company: | Contact Number: | Email Address: |
| Name/Company: | Contact Number: | Email Address: |

The above individuals have my written consent to speak to you about my accounts. I hereby certify that I am the individual named above as the subject of these records. I understand that the knowing and willful request for, or acquisition of, a record pertaining to an individual under false pretenses is a criminal offense under the Privacy Act subject to a $5000 fine, I hereby authorize Statebridge Company to disclose information in my record regarding my Mortgage and Note held by Statebridge Company to the individual(s) named above. This authorization is to remain in effect until further notice or until my account is closed.

Mortgagor Signature _____     Date _____

Co-Mortgagor Signature _____     Date _____

**Please return this authorization to:**
Fax Number:                          ~~1-866-290-7916~~
Email Address:                       ~~loss.mit@statebridgecompany.com~~
Statebridge Mailing Address          Statebridge Company, LLC Attn: Servicing
                                     ~~5680~~ Willow Dr, Ste 300
                                     Greenwood Village, CO 80111

Statebridge Company, LLC is a debt collector and is attempting to collect a debt. Any information obtained may be used for that purpose. If you are in active bankruptcy or have previously received a discharge in bankruptcy, this correspondence is not and should not be construed to be an attempt to collect a debt, but a possible enforcement of a lien against property.





# STATEBRIDGE℠

## Authorization for Electronic Communication

I, _____ hereby authorize Statebridge Company, LLC to provide statements, letters and other loan-specific information regarding my account via electronic mail (e-mail). I have provided the e-mail address below and understand that if my e-mail address changes or for any reason, I choose to discontinue receiving information from Statebridge Company via e-mail, I will provide a written notice to Statebridge Company within 30 days.

| Please print name: | | Loan Number: |
|---|---|---|
| E-mail address: | | |
| Signature: | | Date: |

Please return this authorization to:
**Fax Number:**
**Email Address:**
**Statebridge Mailing Address**

~~1-800-000-0000~~
~~_____~~
Statebridge Company, LLC Attn: Servicing
~~___~~S Willow Dr, Ste 300
Greenwood Village, CO 80111

In lieu of printing and returning this document, you may send an e-mail to info@statebridgecompany.com with "E-mail Authorization" in the subject line. In the message, please provide your name and loan number, and specify that you are granting Statebridge authorization to communicate loan specific information via e-mail communication.

Statebridge Company, LLC is a debt collector and is attempting to collect a debt. Any information obtained may be used for that purpose. If you are in active bankruptcy or have previously received a discharge in bankruptcy, this correspondence is not and should not be construed to be an attempt to collect a debt, but a possible enforcement of a lien against property.

Statebridge Company, LLC    ~~___~~S Willow Dr. Ste 300    Greenwood Village CO 80111    www.statebridgecompany.com    ~~_____~~





# Escrow Information Request

**Please Read This Important Notice Regarding Your Homeowner Insurance Coverage:**

Statebridge Company has received your loan for servicing. Evidence of homeowner's insurance is required. It is also required that you list Statebridge Company on the mortgagee/loss payee clause.

Please contact your insurance provider to have them update the mortgagee/loss payee clause as follows:

> **Statebridge Company ISAOA / ATIMA**
> **P.O. Box 7086**
> **Troy, MI. 48007-7086**

Since your loan may be escrowed (impounded) for insurance, this update is particularly important as it is essential to ensure the billing statement is sent to the correct mortgagee.

Once your insurance agency has applied the above change, they may fax a copy of the updated declaration page naming Statebridge Company to 248-878-2432.

**Please Read This Important Notice Regarding Your Real Property Taxes:**
Please contact your taxing authority and provide a current tax bill for verification of all tax information. Please send tax bill to the following address:

> **Statebridge Company ATTN: Escrow Department**
> **South Willow Drive Suite 300**
> **Greenwood Village, CO. 80111**

Since your loan may be escrowed (impounded) for real property taxes, this information is particularly important as it is essential to ensure that tax payments and tax information is correct.

Statebridge Company, LLC is a debt collector and is attempting to collect a debt. Any information obtained may be used for that purpose. If you are in active bankruptcy or have previously received a discharge in bankruptcy, this correspondence is not and should not be construed to be an attempt to collect a debt, but a possible enforcement of a lien against property.



Rev.  04/2020

| FACTS | WHAT DOES Statebridge Company, LLC. DO WITH YOUR PERSONAL INFORMATION? |
|---|---|
| **Why?** | Financial companies choose how they share your personal information. Federal law gives consumers the right to limit some but not all sharing. Federal law also requires us to tell you how we collect, share, and protect your personal information. Please read this notice carefully to understand what we do. |
| **What?** | The types of personal information we collect and share depend on the product or service you have with us. This information can include:<br>■ Social Security number and income<br>■ Account balance(s)  and payment history<br>■ Transaction history  and credit scores<br><br>When you are *no longer* our customer, we continue to share your information as described in this notice. |
| **How?** | All financial companies need to share customers' personal information to run their everyday business. In the section below, we list the reasons financial companies can share their customers' personal information; the reasons Statebridge Company, LLC. chooses to share; and whether you can limit this sharing. |

| Reasons we can share your personal information | Does Statebridge Company share? | Can you limit this sharing? |
|---|---|---|
| **For our everyday business purposes—** such as to process your transactions, maintain your account(s), respond to court orders and legal investigations, or report to credit bureaus | Yes | No |
| **For our marketing purposes—** to offer our products and services to you | Yes | No |
| **For joint marketing with other financial companies** | Yes | Yes |
| **For our affiliates' everyday business purposes—** information about your transactions and experiences | Yes | No |
| **For our affiliates' everyday business purposes—** information about your creditworthiness | Yes | Yes |
| **For our affiliates to market to you** | Yes | Yes |
| **For nonaffiliates to market to you** | Yes, (but only through joint marketing agreements) | Yes |



Questions?   Call 866-466-3360   or go to https://www.statebridgecompany.com



SAMPLE MORTGAGE STATEMENT

## Mortgage Statement

Statement Date: November 00, 0000

STATEBRIDGE
6061 S. Willow Dr., Suite 270
Greenwood Village, CO 80111

Online
www.statebridgecompany.com

Customer Service:
1-866-466-3360

Mail Payments to:
PO Box
Denver, CO 80217-3313

JOHN
BORROWER
CO-BORROWER
ADDRESS
CITY, ST  ZIP

Property  1321B ANY STREET
Address:  ANYTOWN ST  00000-0000

### Account Information

| | |
|---|---|
| Loan Number | 0000000000 |
| Payment Due Date | 00/00/0000 |
| Amount Due | $0,000.00 |
| If payment not received by 00/00/00XX, a late fee of $0.00 may be assessed | |
| Loan Due Date | 00/00/0000 |
| Unpaid Principal Balance | $00,000.00 |
| Escrow Balance | $000.00 |
| Interest Rate | 0.000% |
| Prepayment Penalty | No |

### Explanation of Amount Due

| | |
|---|---|
| Principal | $000.00 |
| Interest | $000.00 |
| Escrow (Taxes and Insurance) | $0.00 |
| Regular Monthly Payment | $000.00 |
| Total Fees and Charges | $0.00 |
| Overdue Payment | $000.00 |
| Total Amount Due | $0,000.00 |

### Transaction Activity (10/13/19 - 11/13/19)

| Date | Description | Principal | Interest | Escrow | Late Charges/Fees | Total |
|---|---|---|---|---|---|---|
| | | There Is No Transaction Activity | | | | |

### Past Payments Breakdown

| | Paid Last Month | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $0,000.00 |
| Interest | $0.00 | $0,000.00 |
| Escrow (Taxes and Insurance) | $0.00 | $000.00 |
| Fees | $0.00 | $000.00 |
| Partial Payment (Unapplied)* | $0.00 | $0.00 |
| Total Payment | $0.00 | $0,000.00 |

**Important Information About Partial Payments**

* Any partial payments that you make are not applied to your mortgage, but instead are held in a separate suspense account. If you pay the balance of a partial payment, the funds will then be applied to your mortgage.

### Important Messages

If you enrolled in our automatic payment service, your payment will process as scheduled.

**If You Are Experiencing Financial Difficulty** and you would like mortgage counseling or assistance, you can find a list of counselors in your area by contacting the U.S. Department of Housing and Urban Development (HUD). For a list of homeownership counselors or counseling organizations in your area go to: http://hud.gov/offices/hsg/sfh/hcc/hcs.cfm or call 1-800-569-4287 or TDD 1-800-877-8339.

We are a debt collector and may be attempting to collect a debt. Any information obtained may be used for that purpose. If you are a confirmed Successor in Interest or in active bankruptcy or have received a bankruptcy discharge, this statement is for informational purposes only, and is not a demand for payment.

*Please detach bottom portion and return with your payment. Allow 7-10 days for postal delivery. Please do not send cash.*

### Amount Due

| | |
|---|---|
| Loan Number | 0000000000 |
| Borrower | BORROWER CO-BORROWER |
| Due By 00/00/0000 | $0,000.00 |
| If payment not received by 00/00/0000 a late fee of $0.00 may be assessed. | |

☐ Check this box if a change is completed on the reverse side

### Payment Coupon

Please write your loan number on your check or money order.

Please make check payable to Statebridge Company, LLC

STATEBRIDGE

| | Monthly Payment Amount | $ |
|---|---|---|
| | Additional Principal | $ |
| | Additional Escrow | $ |
| | Late Fees | $ |
| | Other** (Please Specify) | $ |
| | Total Enclosed | $ |

STATEBRIDGE COMPANY, LLC
PO BOX
DENVER, CO 80217-3313

00000000000000000000

---

*Please detach bottom portion and return with your payment. Allow 7-10 days for postal delivery. Please do not send cash.*

### Amount Due

| | |
|---|---|
| Loan Number | |
| Borrower | RICHARD TERRY  HOLDER |
| Due By | |

☐ Check this box if a change is completed on the reverse side

## Temporary Payment Coupon

Please write your loan number on your check or money order.

Please make check payable to Statebridge Company, LLC

STATEBRIDGE

| | | |
|---|---|---|
| Monthly Payment Amount | $ | . |
| Additional Principal | $ | . |
| Additional Escrow | $ | . |
| Late Fees | $ | . |
| Other** (Please Specify) | $ | . |
| Total Enclosed | $ | . |

STATEBRIDGE COMPANY, LLC
PO BOX
DENVER, CO 80217-3313

00000000000000000000000

# Privacy Practices and Policy

**Important Notice Regarding Your Privacy Rights**
This privacy policy notice is designed to inform you of the types of information Statebridge Company, LLC. ("Company") may maintain or collect during the course of our relationship with you. It also explains the safeguards we have in place to protect that information and the circumstances under which we may share that information with other companies.

**Section 1: Information We Maintain or Collect**
We maintain and collect nonpublic personal information about you as necessary to service your loan. We also may maintain or collect information about you to enable us to provide products, services, and other opportunities that we believe may be of interest or benefit to you. The following are examples of the types of nonpublic personal information we maintain or collect:

- Information that you provided in writing or verbally in connection with your loan or applications, or other forms, such as your name, address, social security number, income, or assets and liabilities.
- Information about your transactions with us, our affiliates, or other parties, such as your payment history, account balance, and parties to transactions.
- Information we receive from consumer reporting agencies, such as your credit worthiness and credit history.

**Section 2: Information Sharing with Nonaffiliated Companies** To provide you with efficient service and inform you of opportunities that may be of interest to you, we may share all or part of the personal information that we maintain or collect, as described in Section 1, with nonaffiliated companies. UNLESS YOU TELL US NOT TO DO SO BY SIGNING THE FORM PROVIDED BELOW IN SECTION 7
If you are a California resident, there is a separate document outlining your privacy rights and choices that complies with California law. You may print, fill out, and mail to us the California-specific form. This document allows you to opt out of NPI sharing with affiliates and companies we do business with to provide financial products and services. If you are a California resident, we will never provide your nonpublic personal information to nonaffiliated companies. SB may collect personal information about you, including your online activities when you login to or visit our website. SB collects information for the purpose of providing access to our website and servicing your account. Any collected information is used for those purposes. SB does not sell your personal information. SB may share your information with affiliated or unaffiliated entities from time to time to service, maintain, and manage the account. If you have any questions related to how SB collects or uses your personal information, including requests related to the California Consumer Privacy Act (CCPA), please contact us at info@statebridgecompany.com, Statebridge Company, LLC. 6061 S. Willow Drive, Suite 300, Greenwood Village, CO 80111, or  866.466.3360 Monday - Thursday 7 a.m. - 7 p.m. MST, Friday 9 a.m. - 6 p.m. MST, and Saturday 8 a.m. -12 p.m MST.

**Vermont Residents**
If you are a Vermont resident, we will not disclose information about your creditworthiness to our affiliates and will not disclose your personal information, financial information, credit report, or health information to nonaffiliated third parties to market to you, other than as permitted by Vermont law, unless you authorize us to make those disclosures.

**Section 3: Information Sharing with Our Affiliates**
Under the federal Fair Credit Reporting Act, there is certain information about you that we may not share with our affiliates if you tell us not to by signing and returning the form provided below. This information may include, among other things, the following:

- Information we obtain from your loan application, such as your income, assets and liability information, and marital status;
- Information we obtain from a consumer report, such as your credit score or credit history;
- Information we obtain to verify representations made by you, such as other financial obligations you may have; and
- Information we obtain from a person or company regarding that person's or company's employment, credit or other relationship with you, such as your current employment relationship or what debts you owe.

The categories of affiliated companies who may receive the above information include:

- Financial service providers, such as an insurance agency; and
- Non-financial companies, such as companies that perform property evaluation services.

## IMPORTANT PRIVACY CHOICES FOR CONSUMERS IN CALIFORNIA

**You have the right to control whether we share some of your personal information.  Please read the following information carefully before you make your choices below.**

We are required by the California Financial Information Privacy Act to provide this notice to you annually.  We will send you an additional notice each year that tells you about your privacy rights under federal law.

### YOUR RIGHTS

You have the following rights to restrict the sharing of personal and financial information with our affiliates (companies we own or control) and outside companies that we do business with.  Nothing in this form prohibits the sharing of information necessary for us to follow the law, as permitted by law, or to give you the best service on your accounts with us.  This includes sending you information about some other products or services.

### YOUR CHOICES

**Restrict Information Sharing With Other Companies We Own or Control (Affiliates):** Unless you say "No," we may share personal and financial information about you with our affiliated companies.

(__) NO, please do not share personal and financial information with your affiliated companies.

**Restrict Information Sharing With Other Companies We Do Business With to Provide Financial Products and Services:** Unless you say "No," we may share personal and financial information about you with outside companies we contract with to provide financial products and services.

(__) NO, please do not share personal and financial information with outside companies you contract with to provide financial products and services.

### TIME SENSITIVE REPLY

You may make your privacy choice(s) at any time.  Your choice(s) will remain unless you state otherwise.  However, if we do not hear from you we may share some of your information with affiliated companies and other companies with whom we have contract to provide products and services.

**To exercise your choices please do one of the following:**

(1)  Fill out, sign and send back this form to Statebridge Company, LLC (you may want to make a copy for your records); (2)  Write to us at any time at the following address: Statebridge Company, LLC. 6061 S. Willow Drive, Suite 300, Greenwood Village, CO 80111

**Please note that in order for us to process your request, the address you provide below must be a California address you've given to us in relation to your account.**

| | |
|---|---|
| **NAME** (Please Print): | |
| **STREET ADDRESS:** | |
| **CITY:** | **STATE:** California |
| **ZIP:** | |
| **ACCOUNT or LOAN NUMBER(S):** | |
| **SIGNATURE:** | **DATE:** |

# EXHIBIT B



June 1, 2021

RICHARD TERRY HOLDER
▄▄▄ COMET ST
CUMMING, GA  30041-8716

## NOTICE OF ASSIGNMENT, SALE AND TRANSFER OF SERVICING RIGHTS

RE:  Real Time Resolutions (Previous Servicer) Loan Number: ▄▄▄▄▄▄▄▄▄
      Statebridge Company, LLC (New Servicer) Loan Number: ▄▄▄▄▄▄▄

PProperty Address:     ▄▄▄ COMET ST
                       CUMMING, GA  30041

Dear RICHARD TERRY HOLDER,

In accordance with Section 6 of the Real Estate Settlement Procedures Act ("RESPA") (12 U.S.C. Section 2605), we are informing you that effective December 22, 2020, the servicing of your mortgage loan, that is the right to collect payments from you, has been assigned and transferred to Statebridge Company, LLC Except in limited circumstances, the law requires that your new servicer, Statebridge Company, LLC must send you this notice of the sale and transfer no later than 15 days after the effective date of transfer or at closing

Please be assured that transactions of this type are common among financial institutions and have absolutely no bearing on your credit standing.  The assignment, sale and transfer of your mortgage loan does not affect any term or condition of the mortgage instruments, other than terms directly related to the servicing of your loan.

Effective December 22, 2020 Real Time Resolutions will cease to accept payments relating to your loan  Please direct your payments to Statebridge Company, LLC  Any payments received by Real Time Resolutions after December 21, 2020 will be forwarded to Statebridge Company, LLC  Please be advised that any ACH arrangements with Real Time Resolutions were discontinued effective December 21, 2020. The address for Statebridge Company, LLC is as follows

| Send Payments to: | Send Correspondence to: |
|---|---|
| Statebridge Company, LLC | Statebridge Company, LLC |
| Attn: Payment Processing Dept | Attn: Borrower Correspondence Dept |
| P.O. Box ▄▄▄▄ | ▄▄▄ S. Willow Drive, Suite 300 |
| Denver, CO 80217-3313 | Greenwood Village, CO 80111 |

If you have any questions relating to the transfer of ownership and servicing from Real Time Resolutions to Statebridge Company, LLC you may contact the customer service department at Real Time Resolutions at ▄▄▄▄▄▄▄▄▄, or at their mailing address, PO Box ▄▄▄▄, Dallas TX 75235.  You may also contact customer service at Statebridge Company, LLC toll free at ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄ between Monday – Thursday 7:00 AM to 7:00 PM, Friday 7:00 AM to 6:00 PM or Saturday 8:00 AM to 12:00 PM MT.

You should also be aware of the following information, which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2605):



During the 60 day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA (12 U.S.C. 2605) gives you certain consumer rights. If you send a "qualified written request" to your loan Servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgment within 5 Business Days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number, and a statement of the reasons for your belief, to the extent applicable, that the account is in error or provide sufficient detail to the servicer regarding other information you are seeking  If you want to send a "qualified written request" regarding the servicing of your loan, it must be sent to:

> Statebridge Company, LLC
> Attn: Borrower Correspondence Dept
> ~~████~~ Willow Drive, Suite 300
> Greenwood Village, CO 80111

Not later than 30 Business Days after receiving your qualified written request, your servicer must make any appropriate corrections to your account and must provide you with a written explanation or clarification regarding any dispute  During this 30 business day period,  your servicer may not provide information to a consumer report agency concerning any overdue payment related to such period or qualified written request; however, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents  In addition, except as otherwise provided herein, we may report information about your account to credit bureaus  Late payments, missed payments or other defaults on your account may be reflected in your credit report

A Business Day is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where services are shown to have violated the requirements of that section.  You should seek legal advice if you believe your rights have been violated.

Sincerely,
Statebridge Company, LLC

*If an attorney represents you in connection with your home loan, please provide your attorney a copy of this letter and any enclosed legal notices.

**NOTICE**

**If you are a confirmed Successor in Interest or have filed for bankruptcy or received a discharge in bankruptcy, please be advised that this letter does not represent and is not intended to be a demand for payment  You should consult legal counsel regarding your obligation, if any, to pay on the mortgage loan**

EXHIBIT C

**STATEBRIDGE.**

Statebridge Company, LLC
6061 S. Willow Dr. Suite 300
Greenwood Village, CO 80111

07/01/2021

1637
RICHARD TERRY HOLDER
███COMET ST
CUMMING GA, 30041

Loan Number: ███
RE:        ███COMET ST
           CUMMING, GA 30041

Dear RICHARD TERRY HOLDER,

As required by federal regulations, Statebridge Company, LLC is providing you a one-time written notice of the debt that is being serviced by Statebridge Company, LLC.

Note Date: 03/09/2005 12:00:00 AM
Previous Servicer: Real Time Resolutions
Current Creditor: Statebridge Company, LLC
Statebridge Account ID ███1903
Outstanding Debt: 68271.77

Please note that Statebridge Company, LLC has legal right to collect all outstanding debt on its behalf. Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will assume this debt is valid. As of the date of this letter, the total amount due to Statebridge Company, LLC is 68271.77.

Demand is hereby made for the payment in the amount of 68271.77. If this debt is not disputed, mail a check to Statebridge at the following address for the full amount due and owing:

Statebridge Company, LLC
Attention: Payment Processing Dept.
███ S. Willow Dr.
Suite 300
Greenwood Village, CO 80111

Should you notify us within the 30 day period disputing the validity of the debt, or any portion thereof, verification of the debt or a copy of the judgment against you as the consumer and a copy of such verification or judgment will be mailed to you by Statebridge Company, LLC. Upon your written request within the 30-day period, Statebridge Company, LLC will provide you with the name and address of the original mortgagee, if different from Statebridge Company, LLC. To dispute the debt in question, or a portion of the debt, please submit your written communication to: Statebridge Company, LLC, ███ S. Willow Dr., Suite 300, Greenwood Village, CO 80111. For all additional questions, please contact us at ███. Our office is open 7:00AM to 7:00PM M-Th; 7:00AM to 6:00PM Friday; 8:00AM to Noon Saturday MST.

Sincerely,

Statebridge Recovery
███

Statebridge Company, LLC



# DISCLOSURES

Federal law requires us to advise you that Statebridge Company, LLC (NMLS ID████) as the servicer of your loan, is responsible for collecting your payments; however, in some circumstances we may be acting as a debt collector, in those circumstances, this communication is from a debt collector attempting to collect a debt and any information obtained may be used for that purpose.

**CREDIT REPORTING**
We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**IMPORTANT BANKRUPTCY NOTICE**
Bankruptcy (if applicable) - To the extent your original obligation was discharged or is subject to an automatic stay of bankruptcy under Title 11 of the U.S. Code, this statement is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. However, Statebridge Company, LLC retains rights under its security instrument, including the right to foreclose its lien.

**NOTICE TO CUSTOMERS**
To provide us with a Notice of Error about the servicing of your loan, or make a Request for Information about the servicing of your loan, please contact us at:

Statebridge Company, LLC
**Attn: Customer Service Department**
████S. Willow Dr.
Suite 300
Greenwood Village, CO  80111
████████████
www.statebridgecompany.com

Should you have any questions or concerns regarding your loan, please contact us at 1-866-466-3360. Our office is open 7:00AM to 7:00PM M-Th; 7:00AM to 6:00PM Friday; 8:00AM to Noon Saturday MST.

**MINI MIRANDA**
Statebridge Company, LLC is a debt collector and is attempting to collect a debt.  Any information obtained may be used for that purpose. If you are in active bankruptcy or have previously received a discharge in bankruptcy, this correspondence is not and should not be construed to be an attempt to collect a debt, but a possible enforcement of a lien against property.

**HUD STATEMENT**
Pursuant to Section 169 of the Housing and Community Development Act of 1987, you may have the opportunity to receive counseling from various local agencies regarding the retention of your home. You may obtain a list of the HUD-approved housing counseling agencies by calling the HUD nationwide toll-free telephone number at (800) 569-4287.

Servicemembers Civil Relief Act (SCRA) - If you or any other person on this mortgage is a servicemember or dependent of a servicemember, you may be entitled to certain protections under the Federal Servicemembers Civil Relief Act (50 U.S.C. Sec 501) regarding the servicemember's interest rate and the risk of foreclosure. Counseling for qualified individuals is available at agencies such as Military OneSource and Armed Forces Legal Assistance. To obtain information on counseling assistance, contact the OneSource Center, toll free, at (800)-342-9647 or visit their website: https://legalassistance.law.af.mil/



**PROPERTY INSPECTIONS**
If your loan account is in default, in accordance with the terms of your Mortgage/Deed of Trust, Statebridge Company, LLC may inspect your property to determine that it is being maintained and occupied. As needed or required, Statebridge Company, LLC may secure the property. Securing the property may result in locks being added or changed in an effort to protect the property and may also include winterizing and/or mowing the property as necessary. Any fees for such an inspection and/or property services may be charged to your account.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 27, 2022, I electronically filed the foregoing

First Amended Complaint – Class Action with the Clerk of Court by using the

CM/ECF system, which will send a notice of electronic filing to all counsel of

record:

Steven Flynn, Esq.
Thomas Cunningham, Esq.
Locke Lord
Terminus 200, Suite 1200
3333 Piedmont Road NE
Atlanta, GA  30305

<u>/s/John A. Love</u>
GA Bar No. 459155