## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

RICHARD T. HOLDER, JR.,
individually and on behalf of
all others similarly situated,                           :
                                                         :
                                                         :
                                                         :        CIVIL ACTION
       Plaintiff,                                        :        No. 1:22-cv-00115-MLB-CMS
                                                         :
                                                         :
v.                                                       :        **JURY TRIAL DEMANDED**
                                                         :
                                                         :
STATEBRIDGE COMPANY, LLC,                                :
                                                         :
       Defendant.                                        :

### PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff, Richard T. Holder, Jr. ("Plaintiff"), by counsel, pursuant to Federal

Rule of Civil Procedure 15, hereby files his motion for leave to amend his

Complaint. A copy of the proposed second amended complaint is attached hereto

as Exhibit A. Defendant does not consent to the relief requested herein.

For the reasons set forth in his memorandum in support, filed

contemporaneously herewith, Plaintiff requests that his motion be granted.

This 20th day of June, 2022.

/s/John A. Love
Counsel for Plaintiff
Ga. Bar No. 459155
**Love Consumer Law**
2500 Northwinds Parkway
Suite 330
Alpharetta, GA  30009
(tel.) 404.855.3600
(fax.) (404) 301-2300
tlove@loveconsumerlaw.com


**THE FINLEY FIRM, P.C.**


/s/J. Benjamin Finley
Ga Bar No. 261504
bfinley@thefinleyfirm.com
/s/N. Nickolas Jackson
Ga Bar No. 841433
njackson@thefinleyfirm.com

200 13th Street
Columbus, GA  31901
Tel: (706) 322-6226
Fax: (706) 322-6221
Counsel for Plaintiff

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this document has been prepared in accordance with the

formatting requirements designated in Local Rule 5.1.

This 20th day of June, 2022.


<u>/s/John A. Love</u>
GA Bar No. 459155
Counsel for Plaintiff

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

RICHARD T. HOLDER, JR.,
individually and on behalf of
all others similarly situated,

        Plaintiff,

v.

STATEBRIDGE COMPANY, LLC,

        Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION
NO. 1:22-cv-00115-MLB-CMS

**JURY TRIAL DEMANDED**

## SECOND AMENDED COMPLAINT- CLASS ACTION

Plaintiff, Richard T. Holder, Jr. ("Plaintiff"), by counsel, hereby files his

First Amended Complaint – Class Action ("Complaint") against Defendant

Statebridge Company, LLC, ("Statebridge" or "Defendant"), as follows:

## INTRODUCTION

1.    This is a class action for actual damages, statutory damages, attorneys' fees

and costs, brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C.

§1692, et seq. ("FDCPA").  Plaintiff also asserts individual claims under the

FDCPA and the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

2.      Plaintiff, a natural person, is a "consumer" and Defendant is a "debt collector" as those terms are defined, or otherwise used, in the FDCPA.

3.      Plaintiff, on behalf of himself and all others he seeks to represent, brings this action seeking redress for the wrongful practices of Defendant in connection with its collection of debts in violation of the FDCPA.

4.      Defendant violated the FDCPA by falsely advising Plaintiff, and others similarly situated, that their debts could be included on their credit reports more than seven years from the date the debts were first delinquent and in violation of the FCRA's seven-year reporting limitation, 15 U.S.C. §1681c(a)(4). Defendant reported, and threatened to report, inaccurate dates of first delinquency to the credit bureaus in relation to such debts.

5.      The FCRA expressly prohibits the reporting of "[a]ccounts placed for collection or charged to profit and loss which antedate the report by more than seven years." ("Seven Year Rule").

6.      The FCRA further provides that the seven-year period described above "shall begin, with respect to any delinquent account that is placed for collection (internally or by referral to a third party, whichever is earlier), charged to profit and loss, or subjected to any similar action, upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which

2

immediately preceded the collection activity, charge to profit and loss, or similar action."  15 U.S.C. § 1681c(c)(1). ("Start Date").

7.      Defendant further violated the FDCPA as to Plaintiff individually by sending him a collection letter that listed the wrong address for the property that allegedly secured the underlying debt.

8.      Defendant further violated the FCRA as to Plaintiff individually by failing to conduct reasonable investigations of Plaintiff's credit reporting disputes Defendant received from Experian Information Services, Inc. ("Experian") and TransUnion, LLC ("TransUnion"), national consumer reporting agencies, in relation to Plaintiff and in violation of section 1681s-2(b) of the FCRA. Defendant reported an inaccurate date of first delinquency to Experian and Trans Union concerning the debt.

9.      As set forth the below, Plaintiff has suffered, and continues to suffer, concrete harm as a result of Defendant's violations.

## PARTIES, JURISDICTION, AND VENUE

10.     At all times material to this action, Plaintiff was an individual and a resident of Forsyth County, Georgia.

11.     At all times material to this action, Defendant was a Colorado limited liability corporation, doing business in the State of Georgia, with its principal place

of business located at 6061 South Willow Drive, Suite 300, Greenwood Village, CO 80111.

12.    Defendant may be served with a copy of this ~~Second First~~ Amended Complaint and accompanying Summons through its registered agent for service, to wit: Incorp Services, Inc., 9040 Roswell Road, Suite 500, Atlanta, GA  30350.

13.    The jurisdiction of this Court is conferred by the FDCPA, 15 U.S.C. § 1692k(d), the FCRA, 15 U.S.C. § 1681(p), and 28 U.S.C. § 1331.

14.    Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

15.    Defendant is subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

16.    In 2003, Plaintiff was involved in a serious accident resulting in a shattered left knee at the joint.  He spent six months at Grady Hospital in Atlanta and came home in a wheelchair.  The severity of his injuries required further surgeries and it was over a year before he could walk again.  He still suffers today from the aftermath of his serious injuries.

17.    Plaintiff is now retired and lives on his Social Security payments.  Every dollar counts to Plaintiff and he budgets and spends carefully.

18.    Plaintiff's credit score and the contents of his credit reports are very important to Plaintiff.  He knows that he may need additional credit at any time for unforeseen needs such as medical expenses, taxes, or other expenses that are beyond his immediate ability to pay using his limited income.

19.    For this reason, Plaintiff is exceptionally vigilant when it comes to his credit scores and the contents of his credit reports.  His credit scores and the accuracy of his credit reports are very important to him and any inaccuracy in either causes Plaintiff to experience substantial emotional distress.  Given his physical injuries and limited income, his good credit is his financial safety net and he counts on it to be available when and if needed.

20.    According to its website, Defendant "provides custom, high touch special servicing, and sub servicing for the mortgage industry" and, further, "[o]ur vision is to translate management's years of experience overseeing hundreds of servicers and roughly three trillion dollars worth of mortgages into a special servicer that will treat borrowers with respect and its client's assets as if they were its own."

21.    In March 2005, Plaintiff obtained a $50,000.00 home equity line of credit ("Loan") through JP Morgan Chase Bank, N.A. ("JPMorgan Chase").  As to Defendant, Plaintiff disputes the existence, amount, and enforceability of the Loan

and that Defendant has any right to collect the Loan from Plaintiff. The Loan is a federally related loan subject to RESPA.

22.    The Loan was secured by Plaintiff's property located at XXXX Linger Longer Road, Cumming, GA 30041-9091 ("Linger Longer")[1].

23.    The Loan was for personal, family, or household purposes.

24.    The Loan was charged off by JPMorgan Chase on or about September 2007.

25.    The date of first delinquency ("DFD") on the Loan was on or about April 2007.

26.    On or about July 13, 2009, JP Morgan Chase sent the Loan to James West, P.C. ("West"), a debt collector and law firm, to collect the debt.

27.    On or about November 2, 2009, JP Morgan Chase sent the Loan to AMO Recoveries ("AMO"), a debt collector, to collect the debt.

28.    On or about December 26, 2012, JP Morgan Chase purportedly transferred, assigned, and/or sold the Loan to Vion Holdings, LLC ("Vion").

29.    Upon information and belief, at some point after December 2012, the Loan was purportedly acquired by Wilmington Savings Fund Society, FSB, d/b/a

---

[1] The street address numbers are redacted herein, but available to Defendant in its own records. Plaintiff will also provide the numbers to Defendant upon request and prior to the time Defendant's Answer is due.

Christiana Trust as Trustee for PNPMS Trust II ("Wilmington").  Defendant

purports to service the Loan for Wilmington.

30.    On or about May 31, 2021, Defendant sent or caused to be sent to Plaintiff a

letter ("First Letter") stating that it was Plaintiff's "new mortgage servicer" and

advising that "Statebridge Company LLC is a debt collector and is attempting to

collect a debt."  Plaintiff received the First Letter shortly thereafter.

A copy of the First Letter (with certain personal identifying information redacted)

is attached hereto as Exhibit A.

31.    The First Letter listed the "Property Address" as "XXXX COMET ST,

CUMMING, GA 30041."

32.    The Loan is not now, nor has it ever been, secured by XXXX Comet Street,

Cumming, GA 30041 ("Comet").

33.    Comet is Plaintiff's current residence and has no connection whatsoever

with the Loan.

34.    Plaintiff never signed any documents providing a security interest in Comet

in relation to the Loan.

35.    Upon information and belief, Defendant does not have any documents

establishing a security interest in Comet in relation to the Loan.

36.    Because Defendant listed Comet in its First Letter, Plaintiff reasonably believed that his personal residence was at risk of loss from Defendant's conduct. This caused, and continues to cause, Plaintiff substantial emotional distress.

37.    On or about June 1, 2021, Defendant sent or caused to be sent to Plaintiff a letter ("Second Letter") stating "[i]n accordance with Section 6 of the Real Estate Settlement Procedures Act ("RESPA") (12 U.S.C. Section 2605), we are informing you that effective December 22, 2020, the servicing of your mortgage loan, that is the right to collect payments from you, has been assigned and transferred to [Defendant] [sic] Except in limited circumstances, the law requires that your new servicer, [Defendant] must send you this notice of sale and transfer no later than 15 days after the effective date of transfer or at closing."  Plaintiff received the Second Letter shortly thereafter.  A copy of the Second Letter (with certain personal identifying information redacted) is attached hereto as Exhibit B.

38.    The Second Letter again wrongfully described the "PProperty [sic] Address" as the Comet address and, as a result, caused Plaintiff further emotional distress as described above.

39.    In the Second Letter, Defendant stated "[i]n addition, except as otherwise provided herein, we may report information about your account to credit bureaus.

Late payments, missed payments or other defaults on your account may be reflected in your credit report."

40.     On or about July 1, 2021, Defendant sent or caused to be sent to Plaintiff a third letter ("Third Letter").  Plaintiff received the letter shortly thereafter. A copy of the Third Letter (with certain personal identifying information redacted) is attached hereto as Exhibit C.

41.     The Third Letter again wrongfully described the Property Address as the Comet address and, as a result, caused Plaintiff further emotional distress as described above.

42.     The second page of the Third Letter included "DISCLOSURES" from Defendant to Plaintiff ("Disclosures").

43.     Included within Defendant's Disclosures was a section stating: "CREDIT REPORTING.  We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.  As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfil the terms or your credit obligations." ("Credit Reporting Disclosure").

9

44.    At the time Defendant sent the Second Letter, the Third Letter and made the

above-referenced Disclosures and Credit Reporting Disclosure to Plaintiff, the

Loan had been charged off for over seven years.

45.    At the time Defendant sent the Second Letter, the Third Letter and made the

above-referenced Disclosures and Credit Reporting Disclosure to Plaintiff, the

DFD of the Loan was more than seven years prior to the Second Letter, the Third

Letter, and the Disclosures and Credit Reporting Disclosure.

46.    At the time Defendant sent the Second Letter, the Third Letter and made the

above-referenced Disclosures and Credit Reporting Disclosure to Plaintiff, the

Loan was beyond the seven-year reporting period permitted by the FCRA.

47.    When Plaintiff received and read the Second Letter, the Third Letter and the

Credit Reporting Disclosure, he actually understood, and a reasonable consumer

would understand, Defendant to be issuing a threat to cause negative credit

reporting to take place if the debt were not paid.

48.    Defendant followed through on its threat and reported the Loan to Experian

and TransUnion for inclusion on Plaintiff's Experian and TransUnion credit files.

Defendant still reported its account on Plaintiff's Experian and TransUnion credit

files as of the date this lawsuit was filed against it.

49.    Upon information and belief, the three letters sent by Defendant to Plaintiff, and attached hereto as Exhibits A, B, and C are standard form letters mass mailed by Defendant to many consumers in Georgia and other states.

50.    Upon information and belief, the Disclosures and Credit Reporting Disclosure included in Exhibit C is a standard disclosure mass mailed by Defendant to many consumers in Georgia and other states.

51.    On or about November 17, 2021, Plaintiff sent certified letters ("Dispute Letters") to Experian and TransUnion disputing the factual inaccuracy and violation of the Seven Year Rule of Defendant's reporting of the Loan on Plaintiff's Experian and TransUnion credit reports. Defendant was inaccurately reporting the date of first delinquency for the debt to Experian and TransUnion.

52.    Upon information and belief, Experian contacted Defendant and provided Defendant with a copy of the Dispute Letter and its enclosures.

53.    Upon information and belief, TransUnion contacted Defendant and provided Defendant with a copy of the Dispute Letter and its enclosures.

54.    On or about December 17, 2021, Experian advised Plaintiff that Defendant had verified Defendant's reporting of the Loan as accurate.

55.    On or about December 21, 2021, TransUnion advised Plaintiff that Defendant had verified Defendant's reporting of the Loan as accurate.

11

56.    Defendant's verification of its reporting of the Loan was wrongful because the account was beyond the FCRA's Seven Year Rule at the time Defendant verified it to Experian and TransUnion and, therefore, inaccurate.

57.    Defendant did not stop reporting the continues to wrongfully report the Loan to Experian and TransUnion until after it was served with the present lawsuit.

58.    As a result of Defendant's violations set forth above, Plaintiff has suffered, and continues to suffer, emotional distress, aggravation, loss of enjoyment of life, fear, sleeplessness, hopelessness, despair, concern and worry about his ability to obtain credit rapidly should he need it for medical treatment or other unforeseen expenses, lowered credit scores with Experian and Trans Union when he has much higher credit scores with Equifax (which is not reporting the Loan), inconvenience, physical pain and discomfort triggered by the stress created by Defendant's actions, and lost time spent dealing with the issue to attempt to persuade Defendant to correct it.

59.    As a result of Defendant's violations set forth above, Plaintiff has had to retain counsel to represent him in this matter.

## PRACTICES COMPLAINED OF

60.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 59 above as though fully set forth herein.

12

61.    The First Letter, Second Letter and Third Letter wrongfully list Comet as the property that is the subject of the Loan and/or security for the Loan.

62.    The references to Comet are false and misleading because Comet is not, and has never been, provided as security for the Loan.

63.    The Second Letter and the Disclosure and Credit Reporting Disclosures wrongfully advise Plaintiff and consumers similarly situated that Defendant "may report information about your account to credit bureaus" and that "a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations."

64.    The reference to credit bureaus in these documents is false and misleading because under the FCRA, a credit bureau cannot report a debt charged off more than seven years prior.  There are, therefore, no legal circumstances under which Defendant "may report" or "may submit" an account to the credit bureaus if the subject account was charged off seven years prior and in violation of the Seven Year Rule.

65.    By sending the Second Letter and the Credit Reporting Disclosure, Defendant violated § 1692e(5) and § 1692e(10) of the FDCPA which prohibit, in relevant part, any "false, deceptive, or misleading representation or means in

connection with the collection of any debt," and "the threat to take any action that cannot legally be taken or that is not intended to be taken."

66.    By sending the Second Letter and the Credit Reporting Disclosure, Defendant violated 1692(e)(8) of the FDCPA which prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a debt is disputed."

67.    As to Plaintiff individually, Defendant further failed to conduct a reasonable investigation and/or consider all relevant information in relation to the Experian and Trans Union credit reporting disputes made by Plaintiff of the inaccurate information described above and in violation of section 1681s-2(b) of the FCRA.

68.    As to Plaintiff individually, Defendant further violated the FDCPA by wrongfully listing the Comet address as the address securing the Loan.

## CLASS ACTION ALLEGATIONS

69.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 68 above as though fully set forth herein.

70.    Pursuant to N.D.Ga LR 23.1(A)(2)(a) and (b), Plaintiff sues under Rule 23(a), (b)(1) and (b)(3) of the Federal Rules of Civil Procedure.  Plaintiff brings this action on behalf of a class.  The class ("FDCPA-Seven Year Rule Class")

14

consists of, and is defined as, all natural persons with Georgia addresses who meet the following criteria:

a. Defendant sent them a letter to a Georgia address substantially similar to the Second Letter and/or containing the Credit Reporting Disclosure;

b. On or after one year prior to the filing of this action;

c. Seeking to collect a debt charged off more than seven years prior to the date of the letter; and,

d. Which was not returned by the U.S. Postal Service.

71.     The identities of all class members are readily ascertainable from the records of Defendant.

72.     Excluded from the class are all managers and directors of Defendant and members of their immediate families, and legal counsel for either side, and all members of their immediate families.

73.     This action has been brought and may be maintained as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and satisfies the requirements of Rule 23:

a. **Numerosity**: the class is so numerous that joinder of all members is impractical.  Under N.D.Ga. LR 23.1(A)(2)(b), Plaintiff states the precise number

of class members is unknown to Plaintiff but may be ascertained from Defendant's records.

b. **Common Questions Predominate**: Under N.D.Ga. LR 23.1(A)(2)(d), Plaintiff shows that there are questions of law and fact common to the classes, which questions predominate over any questions affecting only individual class members. Some of the common legal and factual questions include: (a) whether Defendant engaged in the conduct alleged as to each Class and (b) whether the Second Letter and Credit Reporting Disclosure violate the FDCPA as set forth herein as to the FDCPA-Seven Year Rule Class.

c. **Typicality**: The claims of Plaintiff, who is representative of the Class herein, are typical of the claims of the proposed Class. There is no conflict between the individually named Plaintiff and other members of the proposed Class with respect to this action, or with respect to the claims for relief set forth herein.

d. **Adequacy**: Under N.D.Ga. LR 23.1 (A)(2)(c), Plaintiff shows he will fairly and adequately protect the interests of the members of the Class. Plaintiff is familiar with the basic facts that form the bases of the claims asserted herein. Plaintiff is committed to vigorously litigating this matter. Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful

16

business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests

which might cause them not to vigorously pursue this claim.

e. **Predominance and Superiority**: Consistent with N.D.Ga. LR

23.1(A)(2)(e) and Rule 23(b)(3), a class action is superior to other available means

for the fair and efficient adjudication of this controversy since individual joinder of

all members would be impracticable.  Class treatment will permit a large number

of similarly situated persons to prosecute their common claims in a single forum

simultaneously, efficiently, and without unnecessary duplication of effort and

expense that numerous individual actions would engender.  Furthermore, since

individual class member's claims for damages are relatively modest, the expenses

and burdens of litigating individual actions would make it difficult or impossible

for individual members of the class to redress the wrongs done to them.  An

important public interest will be served by addressing the matter as a class action,

substantial economies to the litigants and to the judicial system will be realized,

and the potential for inconsistent or contradictory adjudications will be avoided.

## COUNT I – VIOLATION OF FAIR DEBT COLLECTION
## PRACTICES ACT (Class Claim)

74.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1

through 73 above as though fully set forth herein.

75.     Plaintiff is and was at all times relevant, a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

76.     Defendant is and was at all time relevant a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

77.     The Loan was delinquent prior to the time it was acquired and/or serviced by Defendant.

78.     Defendant violated sections § 1692e(5), e(8), and e(10) of the FDCPA as set forth herein by falsely advising Plaintiff and others similarly situated that it could report their alleged debts beyond the FCRA's Seven Year Rule.

79.  Plaintiff and the FDCPA-Seven Year Rule Class members have suffered actual damages as a result.

80.  Plaintiff and the FDCPA-Seven Year Rule Class members are entitled to actual and statutory damages.

81.     Defendant is liable to Plaintiff and the other members of FDCPA-Seven Year Rule Class as set forth herein.

## COUNT II – VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (Individual Claim)

82.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 81 above as though fully set forth herein.

83.    Defendant violated the FDCPA as to Plaintiff by wrongly listing the Comet

address as the address for the secured property.

84.    Plaintiff suffered the concrete harm described above as a result.

85.    Defendant is liable to Plaintiff individually for said violations.

### COUNT III – FAIR CREDIT REPORTING ACT (Individual Claims)

86.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1

through 85 above as though fully set forth herein.

87.    Plaintiff is a "consumer" under the FCRA.

88.    Defendant is a "furnisher of information" as that term is used in the FCRA.

89.    Defendant negligently violated section 1681s-2(b) of the FCRA by (1)

failing to conduct a reasonable investigation of the disputes of inaccurate

information it received from Experian and TransUnion described above and (2)

failing to consider all relevant information in relation to said disputes.

90.    Defendant willfully violated section 1681s-2(b) of the FCRA through its

conduct described above.

92.    As a result of Defendant's violations of the FCRA, Plaintiff suffered

concrete harm as set forth above.

93.    Defendant is liable to Plaintiff for his actual damages and punitive damages

for its conduct.

19

94.    As a result of Defendant's violations of the FCRA, Plaintiff was required to retain counsel to represent his interests in this matter.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and in favor of the Classes and, further, that it:

a.  Determine that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, appoint Plaintiff as class representative, and appoint undersigned counsel as Class Counsel;

b.  Award statutory and actual damages pursuant to 15 U.S.C. § 1692k for the FDCPA-Seven Year Rule Class;

c.  Award attorneys' fees, litigation expenses, and costs under the FDCPA (for the class claims) and FCRA (for the individual claims);

d.  Award punitive damages under the FCRA for Plaintiff's individual claims;

e.  Award Plaintiff's actual damages on his individual claims; and,

f.  Grant Plaintiff a trial by jury.

This _____26th_ day of J~~anuary~~uly, 2022.

**LOVE CONSUMER LAW**
/s/ John A. Love
John A. Love
Ga Bar No. 459155

20

tlove@loveconsumerlaw.com

2500 Northwinds Parkway
Suite 330
Alpharetta, GA  30009
(tel.) 404.855.3600
(fax) 404.301.2300
Counsel for Plaintiff

**THE FINLEY FIRM, P.C.**

/s/J. Benjamin Finley
Ga Bar No. 261504
bfinley@thefinleyfirm.com
/s/N. Nickolas Jackson
Ga Bar No. 841433
njackson@thefinleyfirm.com

200 13th Street
Columbus, GA  31901
Tel: (706) 322-6226
Fax: (706) 322-6221
Counsel for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 20, 2022, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record:

Steven Flynn. Esq.
Thomas Cunningham, Esq.
Locke Lord
Terminus 200, Suite 1200
3333 Piedmont Road NE
Atlanta, GA  30305

/s/John A. Love
GA Bar No. 459155
Counsel for Plaintiff